(No. 16639.—Reversed and remanded.)
MARY SHEA, Plaintiff in Error, vs. THE INDUSTRIAL COM-
MISSION et al.—(THE BULLOCK MINING COMPANY, De-
fendant in Error.)

*Opinion filed June 18, 1925.*

WORKMEN'S COMPENSATION—*when a finding that strangulated
hernia was not result of injury is not sustained.* A finding of the
Industrial Commission that the strangulation of a hernia was not
the result of an injury arising out of the deceased's employment
is not sustained where the evidence shows that the employee died
of a strangulated hernia, and that three days prior thereto, in the
course of his employment as a miner, he was lifting a heavy chunk
of coal which broke suddenly, and that severe abdominal pains fol-
lowed, which continued until his death.

WRIT OF ERROR to the Circuit Court of Madison county;
the Hon. J. F. GILLHAM, Judge, presiding.

W. J. MACDONALD, (A. W. KERR, of counsel,) for
plaintiff in error.

WILLIAM G. BURROUGHS, (R. H. DAVIS, of counsel,)
for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the
court:

This writ of error is prosecuted by leave of court to re-
view the judgment of the circuit court of Madison county
confirming an order of the Industrial Commission denying
compensation to plaintiff in error on her claim arising out
of the death of her husband, Daniel T. Shea.

September 15, 1921, Shea was employed as a miner in
the mine of defendant in error. Louis Rousseau, a driver
employed in the mine, came into the entry where Shea was
loading coal just as the latter was lifting a large chunk of

coal, weighing from fifty to seventy-five pounds. When he got the chunk near the top of the car it broke, and Shea pressed his hands to his abdomen and appeared to be suffering great pain. Rousseau finished loading the car and pulled it out. He left Shea standing in the entry in a stooped position, his arms folded across his abdomen. William Rousseau, who was working next to Shea, heard him groaning. He went to him and found him down on his knees, with his arms folded across his abdomen. Shea stood up and walked out of the entry and was taken to the top. Later, T. P. Rarick, who was working in the mine, found Shea lying on the floor of the wash-house, unable to move. He was suffering great pain. The superintendent was notified and he called Dr. J. H. Siegel, who arrived within a short time and examined Shea. He found him suffering from a strangulated hernia. Shea was removed to his home and Dr. Siegel attended him until he died, three days later. The doctor testified that lifting has a tendency to cause the hernia to protrude and that strangulation will follow if the blood supply is shut off.

The only question in this case is whether the strain of lifting the chunk of coal caused the hernia to protrude through the ruptured abdominal wall. The evidence clearly establishes that the ailment which caused Shea's death was a strangulated hernia and that the protrusion occurred while he was at work loading coal in the mine of defendant in error. It is possible that the protrusion was produced by some sudden pain which caused the abdominal muscles to contract, but it is not probable, and there is no proof in this record to show that the protrusion was caused by anything other than the strain of lifting. The only reasonable conclusion to be drawn from this evidence is, that the sudden breaking of the heavy chunk of coal which Shea was lifting caused a sudden contraction of the abdominal muscles, which resulted in the protrusion. The evidence in this record does not sustain the finding of the Industrial Commis-

sion that the ailment from which Shea died was not the result of an injury arising out of his employment.

The decision of the Industrial Commission being against the weight of the evidence it is set aside, and the judgment of the circuit court is reversed and the cause is remanded for a new hearing.          *Reversed and remanded.*