THE UNION COLLIERY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(GEO. W. LANE, Defendant in Error.)

*Opinion filed June 18, 1925.*

WORKMEN'S COMPENSATION—*when award must be set aside as against weight of evidence.* An award of the Industrial Commission must be set aside as against the manifest weight of the evidence where the injured employee's story of the accident and injury is not corroborated by any other witness in the case, but, on the other hand, is contradicted by every witness, including those called by the employee himself.

WRIT OF ERROR to the Circuit Court of Perry county; the Hon. LOUIS E. BERNREUTER, Judge, presiding.

R. W. ROPIEQUET, and W. C. ROPIEQUET, for plaintiff in error.

A. W. KERR, and J. B. LEWIS, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

On May 18, 1922, George W. Lane filed his application with the Industrial Commission for adjustment of claim, alleging that he on January 24, 1922, was employed as a track-layer by the Union Colliery Company and while carrying a rail fell over a tie, injuring his left foot and right hip. A hearing was had before an arbitrator, who denied compensation, but his decision was set aside by the Industrial Commission, which ordered the Union Colliery Company to pay Lane the sum of $14 per week for a period of forty-five weeks for temporary total incapacity for work. Upon review by the circuit court of Perry county the award of the Industrial Commission was affirmed, and the case is now before this court for review upon writ of error.

Lane, testifying in his own behalf, stated that he was injured while laying track in the mine of the Union Col-

liery Company when he was carrying a thirty-pound thirty-foot rail; that he slipped on a loose tie, whereupon his left foot struck the rail, his right leg stuck out on one side, and the thirty-foot rail struck him in the stomach, in front of the chest bone; that he saw the face boss about fifteen minutes afterwards in Edgar Thompson's room, at which time he informed him of his injury. This was denied by the face boss. Thompson, called as a witness by Lane, in testifying to this conversation said that "Lane said he was hit jacking up the car, and the jack flew up and the handle hit Lane across the side of the face." Lane testified that on the day following his alleged injury the superintendent sent him to the company doctor for examination, and that the doctor did not look at the alleged hernia nor take the bandage off his heel, which had sustained a former injury; that the doctor advised him to go to his own doctor; that at this time he and the doctor were alone, no one else being present. Steve Kurpa, called as a witness for Lane, testified that he was present at the conversation between Lane and the doctor; that "Lane showed the doctor the ball on his stomach where the rail fell on him and asked him what caused this; the doctor told him it was fat, and Lane said, 'Yes, it is fat; since the rail fell on me it gets fat.'" Lane also testified that he spoke to the mine manager and to the superintendent about his injuries. They each denied his having done so. He was treated by his own doctor for a prior injury to his heel and for rheumatism on the 25th day of January, at which time he made no complaint of any injury other than of striking his sore heel against a rail.

It is contended by the Union Colliery Company that the award was manifestly against the weight of the evidence. A case of this character must be considered in this court in the same manner as any other kind of a case. Lane's story of the accident and injury is not corroborated by any other witness in the case. It is contradicted at various points by six different witnesses,—in fact by every witness who

testified in the case, including the witnesses called by Lane himself. The award was manifestly against the weight of the evidence.

The judgment must be reversed and the cause remanded to the Industrial Commission for further proceedings.

*Reversed and remanded.*