THE AYER & LORD TIE COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(HENRY COLLINS, Defendant in Error.)

*Opinion filed February 16, 1927.*

1. WORKMEN'S COMPENSATION—*accident causing or increasing a prostatic abscess is compensable.* Where an employee in the course of his employment suffers an accidental injury or strain which causes or makes worse an existing prostatic abscess, rendering him unable to work, he will be entitled to compensation.

2. SAME—*burden is on claimant to prove his condition resulting from accidental injury.* The burden is on the claimant to prove the existence of the condition of disability for which he claims compensation and that such condition is the result of an accidental injury.

3. SAME—*commission cannot make finding against weight of evidence.* While the testimony of the claimant may be sufficient to justify an award it is the duty of the Industrial Commission to weigh the evidence, and it is not justified in finding for one party merely because there is some testimony which, standing undisputed, would justify such finding, where the weight of the evidence is manifestly to the contrary.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

W. L. KRONE, for plaintiff in error.

GEORGE R. STONE, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Henry Collins, a negro, forty-two years old, while at work for the Ayer & Lord Tie Company, in whose employ he had been for thirteen years, was injured on April 20, 1925, while carrying a heavy tie weighing several hundred pounds, through his foot slipping, causing him to drop the tie. He claimed that an injury resulted to his entrails, rendering him unable to work, and he applied to the Industrial Commission for an award under the Workmen's Compensation act. An arbitrator allowed him an award of $15.74 a week for .27-2/7 weeks of temporary total disability and $7.87 a week for 388-4/7 weeks for partial permanent disability. On review by the commission the award was confirmed, and upon *certiorari* the circuit court of Williamson county quashed the writ. On the petition of the employer a writ of error was allowed for the review of the record.

The plaintiff in error contends that the evidence does not sustain the finding that Collins was injured to the extent found by the commission or the amount of the award. It appears from the record that the only question raised in the circuit court was whether the evidence sustained the decision of the commission as to the extent of the disability, and that is the only question open to review here. Collins testified that he was hurt in his entrails. They came down on him on the right side or right groin. It commenced hurting and swelled right way. He had never had a rupture before. He was not able to and did not work any more that day; that his testicle came down; that he could not lift anything; that he had pain in his body—in his privates. Dr. Etherton, the company doctor, treated him, gave him some pills but did not do anything for his groin, which was sore, except examine it. The doctor treated him for thirty days and then released him and told him he could go back to work. He told the doctor that he was not able to work, and the doctor said for him to walk

around for three or four weeks. He did not go back to work, but was not then and has not since been able to do any work for which he was qualified,—hard labor,—because of his stomach; that it comes down when he walks around; that the swelling is about the size of his fist pretty often. He was not wearing a support when he testified, for he had none, although he had previously worn one. Dr. Lingle, of Carbondale, treated him for two months. Dr. Neber also treated him, and at that time the groin was swelled and his testicle was enlarged from the protrusion of the intestines. The doctors advised him to use hot water bottles to give ease, and said it was a prostatic abscess. After four or five days Dr. Etherton took him to the hospital, and the abscess broke and evacuated through the rectum. The company has not offered him an operation, and he has never had gonorrhea or syphilis or any venereal disease.

Dr. Lingle did not testify. Dr. Etherton found Collins suffering with a severe pain in the lower part of his abdomen and determined that he was suffering from a prostatic abscess. The doctor found no evidence of any rupture, no swelling in the groin or testicle or evidence of any injury to either, and Collins did not complain of a rupture. The doctor gave morphine and directed hot applications over the region of the bladder and catheterized him on the second day. His diagnosis of the case was that it was specific in its origin, by which he said he meant gonorrheal. On cross-examination he said he reported to the company "no evidence of venereal disease," and he was willing to recall the statement that the origin of this case was specific because he made no microscopical test. Dr. Neber also examined and treated Collins once when Dr. Etherton was not available, before Collins was taken to the hospital. Neber found Collins in intense pain in the prostatic gland; jumping around all over the bed. Collins did not complain of a knot or a protrusion or of his entrails coming

down, or anything of that kind. Dr. Etherton testified that the text books state that about ninety per cent of cases of prostatic abscess are of specific venereal disease origin. There is, however, no evidence that the abscess from which Collins suffered was of such origin, as the doctor made no microscopical test to determine the fact. However, even were the condition of that origin, a strain would have had a tendency to make it worse, as Dr. Etherton testified.

For the making worse or causing of the prostatic abscess by the strain Collins was entitled to compensation. It is not clear that he has or has had a rupture. While he testified to facts tending to show a rupture, no one else did. He was contradicted, in effect, by Drs. Etherton and Neber, for he testified that the swelling caused by the rupture existed when he was examined and treated by them, but neither of them found any such condition on their examination of him. It may be possible that both doctors could have overlooked a rupture because of the great pain from the abscess, though it seems hardly probable. It was within the power of Collins to have shown what the fact was by producing Dr. Lingle as a witness, who treated him for two months, but he did not do so. The burden was upon Collins to prove that the condition for which he claimed compensation was the result of the accident. (*St. Louis Smelting Co.* v. *Industrial Com.* 298 Ill. 272.) This burden necessarily includes proof of the existence of the condition. While the testimony of the claimant may be sufficient to justify an award, it is the duty of the commission to weigh the evidence, and it is not justified in finding for one party merely because there is some testimony which, standing undisputed, would justify such finding, when the facts and circumstances in evidence show such testimony to be untrue. (*Hafer Washed Coal Co.* v. *Industrial Com.* 293 Ill. 425; *Swift & Co.* v. *Industrial Com.* 302 id. 38.) While a finding of fact by the Industrial Commission will not be disturbed unless contrary to the manifest weight of the

evidence, (*Goodman Manf. Co.* v. *Industrial Com.* 316 Ill. 394,) yet it must be set aside if it is manifestly so contrary. *Union Colliery Co.* v. *Industrial Com.* 317 Ill. 428.

The preponderance of the evidence was against Collins on the question of the existence of a rupture. It was within his power to show the fact if it existed. The judgment of the circuit court was therefore wrong and it is reversed and the cause remanded to that court, with directions to set aside the award and remand the case to the Industrial Commission, with directions to hear other evidence, if offered, tending to show the existence of a rupture or other disability as the result of the accident and to enter its decision as the evidence shall then justify. If no such evidence is offered, Collins will be entitled to such an award as may be justified by the evidence showing his temporary disability resulting from the causing or lighting up of the prostatic abscess.

*Reversed and remanded, with directions.*