(No. 20229.—

THE CUNEO PRESS COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(DORA McKISSICK, Defendant in Error.)

*Opinion filed October 25, 1930—Rehearing denied Dec. 9, 1930.*

McKENNA & HARRIS, (JAMES J. McKENNA, and ABRAHAM W. BRUSSELL, of counsel,) for plaintiff in error.

A. M. BURROUGHS, (J. W. HALLAM, of counsel,) for defendant in error.

Mr. JUSTICE ORR delivered the opinion of the court:

Dora McKissick, widow of Thomas McKissick, deceased, filed an application for an award under the Workmen's Compensation act on account of the death of her husband, which she alleged was caused by an accident arising out of and in the course of his employment by the Cuneo Press Company of Chicago. A hearing was had before an arbitrator of the Industrial Commission, resulting in a finding that McKissick's death was caused by an accidental injury arising out of and in the course of his employment but was not compensable because the injury from which death resulted was the strangulation of a hernia which had existed prior to the time the injury was sustained. This finding was reviewed by the Industrial Commission, additional evidence was heard, and the decision of the arbitrator denying relief was affirmed. The widow of McKissick then sued out a writ of *certiorari* from the superior court of Cook county to review this finding, and that court reversed the decision of the Industrial Commission and entered an award in favor of the widow, also taxing the costs of the *certiorari* proceeding against the Cuneo Press Company. A writ of error was allowed from this court and the record is now here for review.

The pertinent facts, stated briefly, are as follows: Thomas McKissick had been employed for about six months as an ordinary laborer on the night force of the Cuneo Press Company. One of his duties was the operating of a two-wheeled hand-truck in the carrying of bales of paper weighing as much as 2000 pounds per bale. On the morning of July 6, 1928, he was engaged in moving bales of paper with the hand-truck. While he had a 1700-pound bale of paper on his truck the bale fell off, and he, with other help obtained by the assistant foreman, replaced the bale. When he stood up he complained of a pain and placed his hands on his abdominal region. When he arrived home his actions and appearance plainly indicated to his family

that he was suffering great pain about the lower part of his abdomen. However, on the evening of the 6th he went to work, returning home next morning in a cab between ten and eleven o'clock. He had to be assisted from the cab to his house by others and while being so assisted evidenced great pain and vomited. At this time Dr. Dudley was called, who made an examination of McKissick and found a strangulated hernia, which he was unable to reduce. He thereupon had McKissick taken to the Cook County Hospital, where he was examined and a record of his case written up by the examining physician. That night McKissick was operated upon, and was apparently on the road to recovery when either the hernia wounds or the operative wounds, or all, became infected, inducing toxemia, which in turn caused a degeneration of the muscles of the heart, resulting in his death on July 24, 1928.

Considering a minor point first, it is noted that the superior court taxed the costs of the *certiorari* proceeding against the Cuneo Press Company. Sub-section 1 of paragraph (*f*) of section 19 of the Workmen's Compensation act does not give the reviewing court in a compensation case the power to tax costs in such proceeding. *American Car and Foundry Co.* v. *Industrial Com.* 335 Ill. 322.

The determining question here is, Did McKissick have a hernia prior to his injury? Under paragraph (*d-1*) of section 8 of the Workmen's Compensation act, (Smith's Stat. 1929, chap. 48, p. 1412,) which is an amendment enacted in 1925, all claimants for compensation based upon a hernia injury must prove (1) that the hernia was of recent origin; (2) that its appearance was accompanied by pain; (3) that it was immediately preceded by trauma arising out of and in the course of the employment, and (4) that the hernia did not exist prior to the injury. The widow must prove by a preponderance of the evidence each and all of the four conditions precedent above named in order to recover.

In the hearing before the arbitrator the widow, in support of her claim, introduced the Cook County Hospital record. This contained the testimony of Dr. Rosenblum, an employee of the hospital, who appears to be a disinterested witness. He examined McKissick on July 7 and wrote his complete medical record, testifying therefrom on the witness stand. From this record it is shown that McKissick stated to Dr. Rosenblum that he had a swelling in his left inguinal region for two years but that he would always reduce the swelling. This admission was directly against his interest and is therefore within the exception of the hearsay rule. The testimony of Dr. Rosenblum is clearly admissible here, for the rule is well established in this State that the declarations of the injured party in a case like this, when made as a part of the *res gestæ*, or to a physician during treatment, or upon an examination prior to and without reference to the bringing of an action to recover damages for the injury complained of, may be introduced in evidence. (*Greinke* v. *Chicago City Railway Co.* 234 Ill. 564; *Lehigh Stone Co.* v. *Industrial Com.* 315 id. 431.) Inasmuch as this hospital record was voluntarily offered in evidence by the widow it must stand unimpeached by her. It was also uncontradicted by any other evidence in the record, except by vague inferences which might be drawn from the testimony of interested witnesses.

From a survey of the evidence it is apparent that the fourth provision of paragraph (*d*-1) of section 8 of the Workmen's Compensation act has not been successfully met, because it is shown, without contradiction, that McKissick had been suffering with a hernia for two years prior to his injury on July 6, 1928, although it had never caused enough trouble to interfere with his work.

This court has established by many decisions that it will not disturb the findings of fact made by the Industrial Commission unless they are manifestly contrary to the weight of the evidence. Nor will it in this case disturb the

findings of the Industrial Commission, because in the record it is shown by a preponderance of the evidence that McKissick had a hernia prior to July 6, 1928. The burden was upon the widow, under the statute above stated, to show by a preponderance of the evidence that deceased did not have such hernia prior to his injury on July 6, 1928. This she has failed to do.

The judgment of the superior court will therefore be reversed and the award of the Industrial Commission set aside.

*Judgment reversed and award set aside.*