(No. 22200—

THE MIRIFIC PRODUCTS COMPANY *et al.* Plaintiffs in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN L. DOUGLAS, Defendant in Error.)

*Opinion filed June 15, 1934.*

646

W. C. Ropiequet, (Ropiequet & Freels, of counsel,) for plaintiff in error.

Thomas P. Moore, for defendant in error.

Mr. Justice Orr delivered the opinion of the court:

John L. Douglas filed a claim under the Workmen's Compensation act for an alleged accidental injury suffered by him while employed by the Mirific Products Company, a corporation. The Ætna Casualty and Surety Company, which had issued a policy insuring the liability of the Mirific Products Company, was made a party to the application for compensation under section 28 of the act. The arbitrator awarded Douglas compensation for 14-4/7 weeks, aggregating $218.56, for the period of temporary total incapacity, and $1607.85 for necessary first aid, medical, surgical and hospital services. The Industrial Commission, on review, sustained the award. The circuit court of Madison county confirmed the decision of the commission. Upon the petition of the employer and the insurance company this court granted a writ of error for a further review.

The Mirific Products Company is engaged in Granite City in the business of manufacturing a lubricant or hard grease with an asphaltum base. Douglas, sixty-eight years of age, had helped organize the corporation and had been its general manager since 1921. He was also vice-president, secretary and acting treasurer of the company. He performed many duties in connection with the business, including physical work such as shoveling, loading cars and trucks, cutting cars on the floor and rolling barrels. For these varied services Douglas was paid $400 per month until shortly before he became incapacitated.

Douglas testified that shortly before noon on Saturday, August 3, 1929, while moving a barrel filled with grease, he felt a "little kink" in his back; that he informed no one of the sensation which he experienced and continued in the performance of his duties; that although he seldom worked on Saturday afternoon he remained at the plant that particular afternoon, and that he and his son-in-law, a fellow-employee, might have loaded a few barrels in order to be ready to proceed with other work on the following Monday; that about 11:00 o'clock, after he had retired for the night, he suffered severe pain in the lower abdomen, and that this pain gradually increased in intensity; that his son-in-law, who lived with him, applied hot towels to alleviate the suffering. Two physicians were promptly summoned, and one of them, Dr. R. W. Binney, arrived at 5:00 o'clock the next morning. He made a diagnosis of strangulated inguinal hernia, caused Douglas to be removed to a hospital and performed the necessary operation. Upon cross-examination Douglas admitted that he had worn an abdominal support for at least seven years, but stated that he wore the appliance owing to his surplus weight.

Dr. Binney, the only other witness, testified that the hernial sac was moderately adherent and grown to the tissues and slightly adherent at the internal ring, indicating

that it had been growing there for some time. Recovery was slow, owing to the development of a toxic condition and other complications. The physician ordered a day and a night nurse, who attended Douglas for eight weeks, the entire time he remained in the hospital. The necessity for the medical and hospital services and the reasonableness of the charges therefor are not questioned by plaintiffs in error.

To reverse the judgment it is contended that Douglas failed to prove the statutory prerequisites for the recovery of compensation for a hernia injury. Sub-section $(d-1)$ of section 8 of the Workmen's Compensation act, (Smith's Stat. 1933, p. 1422,) an amendment enacted in 1925, provides: "An injured employee, to be entitled to compensation for hernia, must prove: (1) The hernia was of recent origin; (2) its appearance was accompanied by pain; (3) that it was immediately preceded by trauma arising out of and in the course of the employment; (4) that the hernia did not exist prior to the injury." To recover compensation for a hernia injury under the statute the applicant must prove, by a preponderance of the evidence, each of the four enumerated conditions precedent. (*Cuneo Press Co.* v. *Industrial Com.* 341 Ill. 569.) It is manifest from the evidence that the first and fourth conditions of sub-section $(d-1)$ of section 8 have not been satisfied, because the uncontroverted testimony shows that Douglas had been afflicted with a hernia prior to August 3, 1929. The only evidence adduced to prove the second and third statutory requisites of compensable hernia is Douglas' statement that while regularly engaged in the pursuit of his duties he felt a "little kink" in his back. He positively stated, however, that he ignored this slight discomfort and that no ill-effects resulted therefrom during the remainder of the day. Approximately twelve hours later, at his home, he first began to feel an increasingly intense pain in the abdomen, manifesting the appearance of a hernia. There is

a complete absence of evidence showing that the alleged injury to his back caused the strangulated hernia. In fact, if the hernia had then appeared and become strangulated it is certain that Douglas would not have continued to work the rest of the day. It can only be surmised that the act of moving the barrel of grease required excessive exertion, and if so, that the strain might have contributed to a later strangulation. The appearance of the hernia at midnight was accompanied by pain, but it is clear that within the contemplation of the statute it was not immediately preceded by trauma arising out of and in the course of his employment.

In support of the judgment Douglas cites and relies upon the case of *Shea* v. *Industrial Com.* 317 Ill. 519. In that case Shea was employed as a miner and was loading coal on a car at the entrance of the mine where he was employed. The evidence disclosed that while lifting a chunk of coal weighing between fifty and seventy-five pounds he suddenly suffered severe abdominal pains and was unable to finish loading the car. A physician was promptly called and upon his arrival diagnosed Shea's ailment as a strangulated hernia. The only question decided was that the strain of lifting the chunk of coal produced the strangulation. Manifestly, the facts in the *Shea case* and in the present case are not parallel.

The legislature has made hernia the subject of special provisions and exceptions under the Workmen's Compensation act. This court must give effect to those requirements. Proof must be made of the concomitant circumstances and conditions prescribed by the statute. To affirm the judgment in this case would tend to nullify the statutory provision and place claims for hernia in an identical position with, if not in a preferred position over, other compensable claims.

A claimant under the Workmen's Compensation act must prove by direct and positive evidence, or by evidence

from which the inference may be fairly and reasonably drawn, that the accidental injury of which complaint is made arose out of and in the course of the injured person's employment by the person sought to be charged. (*Nelson* v. *Industrial Com.* 346 Ill. 82; *Jolly* v. *Industrial Com.* 341 id. 46.) It has frequently been said that liability under the Workmen's Compensation act cannot rest upon imagination, speculation or conjecture or upon a choice between two views equally compatible with the evidence, but such liability must arise out of facts established by a preponderance of the evidence. (*American Smelting Co.* v. *Industrial Com.* 353 Ill. 324; *Allith-Prouty Co.* v. *Industrial Com.* 352 id. 78.) While the testimony of the claimant, standing alone, may be sufficient to justify an award, it is the duty of the commission to weigh the whole evidence, and it is not justified in finding for one party merely because there is some testimony which, standing undisputed, would justify the finding, when the facts and circumstances in evidence preponderate in favor of the opposite conclusion. (*Nelson* v. *Industrial Com. supra; Jolly* v. *Industrial Com. supra; Ayer & Lord Tie Co.* v. *Industrial Com.* 324 Ill. 504.) This court is not warranted in reversing the finding of the Industrial Commission unless the award made by it is shown to be clearly against the manifest weight of the evidence. (*Rittler* v. *Industrial Com.* 351 Ill. 338; *Cruzan* v. *Industrial Com.* 350 id. 407.) It is our duty, however, to weigh and consider the evidence in the record, and if it is found that the decision of the commission is without substantial foundation in the evidence the decision must be set aside. (*Nelson* v. *Industrial Com. supra; Jolly* v. *Industrial Com. supra.*) Douglas has failed to establish by a preponderance of the evidence the statutory conditions precedent to a recovery for a hernia injury.

The judgment of the circuit court is reversed and the award of the Industrial Commission is set aside.

*Judgment reversed and award set aside.*