(No. 22516.—)

THE WAGNER MALLEABLE IRON COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(SHELBY HIMSTEDT, Defendant in Error.)

*Opinion filed October 24, 1934.*

VAIL, MILLS & ARMSTRONG, for plaintiff in error.

A. A. JONES, and GEORGE W. BLACK, for defendant in error.

Mr. JUSTICE ORR delivered the opinion of the court:

This writ of error was allowed to review an order of the circuit court of Macon county affirming an award of the Industrial Commission in favor of Shelby Himstedt against the Wagner Malleable Iron Company. The case involves a hernia, and the sole question is whether it was pre-existing at the time of the accident.

For a period of six years Himstedt had been working for the iron company. He operated an emery wheel to grind down the gates of castings. When the pores of the

emery wheel became clogged with particles of metal it was necessary that the surface of the wheel be dressed down in order to restore its ability to grind to the maximum. This was accomplished by holding a dressing bar forcibly against the fast revolving wheel. This particular dressing bar was about fourteen inches long, and Himstedt exerted the needed pressure by placing an end of the bar against his lower left abdominal region. It was while engaged in this task on January 31, 1933, that the wheel broke, forcing the end of the dressing bar violently against Himstedt's lower abdomen. This resulted in a complete hernia, which was subsequently cured by an operation performed March 28, 1933. The dispute between the litigants arises out of the additional fact that Himstedt was examined by Dr. Woodward, the company physician, about eighteen months prior to January, 1933. The doctor found at that time, according to his testimony, "a definite moderate-size left inguinal hernia. * * * It was reducible." It was evidenced by a lump. Himstedt, when testifying before the arbitrator, admitted that Dr. Woodward examined him at the time stated and found a small lump about as large as the end of his little finger. This lump was caused by a former injury of a nature somewhat similar to the one of January, 1933. This lump never presented different characteristics and caused Himstedt no pain. Medical testimony located this lump in the left inguinal canal, in the immediate area where Himstedt was struck at the time of the last accident.

Dr. McLean, who operated on Himstedt, testified that his examination of the patient, made when he operated, did not disclose the existence of a prior hernia, because at the time Himstedt was operated upon all acute inflammation had subsided and the hernia might have been of fifteen days' or fifteen years' duration. The doctor further said that the lump from the prior injury could have been an incomplete hernia, a fatty tumor or an enlargement of a

lymph gland, although one would ordinarily suspect that it was a small hernia. This witness said a small inguinal hernia is usually progressive and ordinarily grows gradually until it becomes as large as two fists when the man having it is on his feet doing heavy work. According to Dr. McLean, if this small lump resulting from the prior injury was a small hernia, then the large hernia occurring after the injury in January, 1933, would be just an aggravation of the small hernia. This witness was careful to say, however, that he did not possess knowledge as to whether the lump resulting from the prior injury was a hernia. A reference to the record discloses only one direct statement that the small lump resulting from the prior injury was a hernia. That is found in the testimony of Dr. Woodward, the company physician, who testified from memory some eighteen months after he made the examination. The evidence of Dr. McLean that if Himstedt had a small hernia such hernia would ordinarily progress by gradual growth in size or extent is not contradicted in the record. The same can be said of the testimony of Himstedt regarding the cause of the small lump, its size, failure to increase in size, and that it did not pain or impede him in any way.

Paragraph (d)-1 of section 8 of the Workmen's Compensation act (Cahill's Stat. 1933, chap. 48, p. 1382,) requires that an employee seeking compensation for a hernia injury must prove that (1) the hernia was of recent origin, (2) its appearance was accompanied by pain, (3) it was immediately preceded by trauma arising out of and in the course of the employment, and (4) the hernia did not exist prior to the injury. In *Cuneo Press Co.* v. *Industrial Com.* 341 Ill. 569, this court held that the employee must prove all four requirements by a preponderance of the evidence. We also there held that the existence of a hernia of old origin is sufficient to bar recovery in a hernia accident case regardless of the fact that the pre-existing hernia did not

interfere with the work of the employee. In the *Cuneo case* the existence of a hernia of old origin was not denied. Although the facts in the two cases are somewhat different, the rule there announced nevertheless required Himstedt to prove, by a preponderance of the evidence, that he did not have a hernia of old origin at the time of the accident in January, 1933.

Dr. McLean testified that he could not say, one way or the other, as to the existence of a hernia prior to the time Himstedt was injured in January, 1933. That leaves the conflicting testimony of Dr. Woodward, the company physician, and Himstedt. They are in accord as to the examination. They are also in accord that a certain outward physical indication manifested itself at the time of that examination. Dr. Woodward said it was a hernia; Himstedt said it was merely a lump. The prior accidental injury arose in the same general manner as the injury suffered in January, 1933. Dr. McLean, who had operated on Himstedt and who testified as his witness, said that the causing of the lump under the circumstances related by Himstedt might bring about several things, but that the condition ordinarily resulting would be hernia. From a review of this conflicting testimony we can only conclude that Himstedt has failed to prove, by a preponderance of the evidence, that the hernia was of recent origin. The record compels us to hold that the injury of January, 1933, did not cause a new and separate hernia but did aggravate an old one. Under these circumstances there could be no recovery. *Cuneo Press Co.* v. *Industrial Com. supra.*

The judgment of the circuit court of Macon county is reversed and the award set aside.

*Judgment reversed and award set aside.*