VIRGIE JORDAN *v.* STATE COMPENSATION COMMISSIONER
*et al.*

(No. 8760)

Submitted April 19, 1938.   Decided April 26, 1938.

*Carl L. Davis,* for appellant.

*Clarence W. Meadows,* Attorney General, *Marlyn E. Lugar,* Special Assistant Attorney General, and *V. L. Black,* for respondents.

FOX, JUDGE:

Virgie Jordan, dependent widow of Ed Jordan, claims compensation for the death of her husband, resulting from an operation for strangulated hernia growing out of an alleged injury sustained while in the employ of the Marmet Coal Company.   It is admitted that the deceased had suffered from hernia from his childhood; that he had frequently suffered attacks from it although he had worked as a miner for at least thirty years.   On March 12, 1937, he performed a full day's work, enter-

ing the mine at the usual time in the morning and continuing his work until about 2:30 o'clock in the afternoon. A part of that time he and his helper pulled coal and the balance of the time, he was employed in his regular occupation, that of operating a coal-cutting machine which involved the change of the bits on the cutting bar. It appears also that shortly before he ceased work on that day, he assisted in removing a piece of slate, weighing possibly 700 pounds, which had fallen on the cutting machine, and in doing so, had seated himself on the floor of the mine and pushed the slate with one foot. His helper, McCormick, and Price, assistant mine foreman, were present at the time the slate was removed and heard no complaint of any injury at that time; about thirty minutes later, when Jordan had reached the outside, he was heard to complain of being sick, but gave no reason for his condition. He then walked home, where he told his wife that he had hurt himself "lifting up some slate" or "that he was working on a machine, a bitting machine, and he hurt himself." She then said: "I couldn't get the clear of just what he meant." His condition continued to grow worse and a physician was called, who arrived about 10 o'clock, and he was then taken to a hospital in the city of Charleston where he was operated on about 12 o'clock the same night. He made no statement to the physician or the surgeon as to what caused his injury. A secondary operation was performed some days later, pneumonia developed, and he died on March 18th. His widow filed her claim for compensation, which was denied by the Compensation Commissioner, whose finding was affirmed by the Compensation Appeal Board, from which action of the Appeal Board she prosecutes this appeal.

The controlling question is whether or not, under our statute, death or disability, resulting from the aggravation of hernia which pre-existed the event bringing about such aggravation, is compensable. Code 1931, 23-4-7, in effect at the time of the alleged injury, provides:

> "In all claims for compensation for hernia resulting from personal injury received in the course of and resulting from the employee's employment, it must be definitely proven to the satisfaction of the commissioner: First, that there was an injury resulting in hernia; second, that the hernia appeared suddenly; third, that it was accompanied by pain; fourth, that the hernia immediately followed an injury; fifth, that the hernia did not exist prior to the injury for which compensation is claimed."

This provision was first enacted into our law by Section 25, Chapter 9, Acts of the Legislature, 1915, and has continued as a part of the statute law of this state since that date. Code 1916, Chapter 15P, Section 25; Code 1923, Chapter 15P, Section 25.

The appellant contends that the statute is silent as to the allowance of compensation where an old hernia becomes aggravated and an employee is disabled or dies, and that the act quoted above is only intended to apply to cases of hernia resulting wholly from an injury sustained in course of employment. With this contention we are unable to agree. As we construe the statute quoted, it is intended to bar compensation for hernia where the same existed prior to an injury for which compensation is sought. To give to the statute the construction contended for by the appellant would be to make it meaningless because, concededly, without the statute an injured person would be entitled to compensation for hernia created under the conditions set out in the statute. The statute refers to "all claims for compensation for hernia," and to obtain compensation therefor, certain things must be definitely proven to the satisfaction of the commissioner, the first being "that there was an injury resulting in hernia." It cannot be said that a hernia resulted from an injury in a case, such as the one at bar, where the hernia had existed from childhood. The reason for this statute is not difficult to perceive. A great many people are afflicted with this ailment, and physical labor of any character tends to bring about an

acute attack. If all aggravations of hernia were made compensable, it would result in the payment of compensation in many cases where no particular injury was sustained from other than ordinary labor as distinguished from accidents or other unusual occurrences. The legislature evidently had this in mind and presumably intended to draw a line between such hernia as was compensable and such as was not, and used the statute quoted to effect that purpose. This construction is not a departure from the general rule followed by this court that an accident resulting in disability or death due to an aggravation of a pre-existing disease is compensable, because in the cases where that rule has been applied, no statutory provision limiting the right to recovery, as in the case of hernia, existed.

There is authority for the proposition that where there is no controlling statute, a satisfactory showing that an accident sustained in course of employment resulting in an aggravation of a pre-existing hernia from which disability or death results is compensable. *Womack* v. *New Orleans Public Service,* 5 La. App. 71; *Ludd* v. *Van Hoose,* 14 La. App. 276, 129 So. 375; *Biggs* v. *Libby-Owens-Ford Glass Co.* (La.), 170 So. 273; *Krenz* v. *Ferguson Coal Company,* 85 Ind. App. 347, 154 N. E. 35. And in *Furferi* v. *Pennsylvania Railroad Company,* 117 N. J. L. 508, 189 Atl. 126, compensation was allowed where there had been a pre-existing hernia under a statute (N. J. St. Annual 1931, sec. **236-11 subd. x) somewhat similar in its general terms to that in force in this state, and that rule seems to be generally followed by the courts of the state of New Jersey. On the other hand, under the statute of the state of Illinois, (Smith-Hurd Ann. St. 1929, c. 48, sec. 145 d-1) providing that "An injured employee, to be entitled to compensation for hernia, must prove: 1. The hernia was of recent origin; 2. Its appearance was accompanied by pain; 3. That it was immediately preceded by trauma arising out of and in the course of the employment; and 4. That the hernia did not exist prior to the injury", it has been held that a

showing of pre-existing hernia bars compensation where strangulation or other aggravation results from an injury sustained. *Cuneo Press Company* v. *Industrial Commission*, 341 Ill. 569, 173 N. E. 470; *Mirific Products Company* v. *Industrial Commission*, 356 Ill. 645, 191 N. E. 203; *Wagner Malleable Iron Co.* v. *Industrial Commission*, 358 Ill. 93, 192 N. E. 660. In the *Mirific Products* case, the court said:

> "The Legislature has made hernia the subject of special provisions and exceptions under the Workmen's Compensation Act. This court must give effect to those requirements. Proof must be made of the concomitant circumstances and conditions prescribed' by the statute. To affirm the judgment in this case would tend to nullify the statutory provision and place claims for hernia in an identical position with, if not in a preferred position over, other compensable claims."

The question was before this court in *Aniel* v. *Compensation Commissioner*, 112 W. Va. 645, 166 S. E. 366. There a miner, after lifting a lump of coal, experienced pain in the right groin and rupture appeared, necessitating cessation of employment for which he claimed compensation, and in defense of the claim, it was contended that he suffered from an old hernia. This court, in discussing the case, said:

> "The legislature has seen fit to make special provisions for hernia cases, so that under our workmen's compensation law (Official Code, 1931, 23-4-7) proof of the non-existence of hernia prior to the injury for which compensation is claimed 'must be definitely proven to the satisfaction of the commissioner',"

thus holding with the courts of Illinois.

We hold that our statute limits compensation for hernia to cases coming within the required conditions, and applying this construction, the judgment complained of must be affirmed.

*Affirmed.*