(No. 4184)

.Joseph Dybala, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed February 14, 1950.*

*Petition of Claimant for rehearing denied April 18, 1950.*

Irving M. Greenfield, Attorney for Claimant.

Ivan A. Elliott, Attorney General; William J. Colohan and William H. Sumpter, Assistant Attorneys General, for Respondent.

Lansden, J.

Claimant, Joseph Dybala, seeks to recover under the Workmen's Compensation Act for total permanent disability allegedly resulting from an accident that occurred on August 27, 1948. Dybala on that date was employed as a common laborer in the Division of Highways, Department of Public Works and Buildings, and, while working at his assigned job of hooking a chain to the rear of a State truck, which chain was attached to a small tree to be pulled out, the truck rolled backward and pinned him between the rear of the vehicle and a signpost. Upon being released, Dybala was rushed to a hospital where he was treated, X-rayed and his abrasions and contusions dressed. He went home that evening and was treated until September 6, 1948, when he was discharged as able to work.

Dybala returned to work on September 9, 1948, and worked his regular hours, although as he states, at light work, until early in March, 1949, when he was discharged.

Later in that month he was examined by a doctor who discovered an inguinal hernia and a chronic myocarditic condition.

Dybala filed his complaint shortly thereafter. No jurisdictional questions are before us by reason of a stipulation of counsel, but we must decide whether on the evidence in the record, claimant is entitled to an award.

First, however, we must dispose of an issue which must be decided, although not stressed by counsel for either party. Claimant's present physical condition on the evidence is such that he is apparently totally and permanently disabled by a combination of his hernia and his chronic myocarditic condition. The record is silent, however, on the point of whether his heart condition in and of itself is sufficient to render Dybala totally and permanently disabled. We must, therefore, assume that his heart condition is a contributory but not crucial fact. Therefore, unless Dybala is entitled to recover for his hernia, the proof about his heart condition alone will not support an award for total permanent disability.

Claimant testified as to the circumstances of the accident. He further testified that he had continuous pain in the region of his groin and that he was often nauseated. He also testified that the truck struck him in the abdominal region, and that he had never had any hernia before.

Claimant's doctor testified in his behalf. This doctor, who examined Dybala twice in March and June, 1949, stated that the inguinal hernia and chronic myocarditis from which he found Dybala to be suffering, were such as to make Dybala a poor operative risk and that an operation to correct the hernia would be a substantial hazard to claimant's life. He further testified that the

hernia was of recent origin, basing this opinion on its size and development and also an the presence of muscle spasticity in the lower abdomen and tissue tenderness. Claimant's doctor further testified that sometimes protrusion of the hernial sac into the inguinal canal did not occur immediately but that when it did pain was present. He also stated that a hernia would fall into the inguinal canal within a week or ten days after the injury in this type of case.

The doctor who treated Dybala on the date of the accident and until he was discharged from further treatment as able to work on September 6, 1948, testified for respondent. This doctor unequivocally stated that Dybala never complained to him of pain in the abdominal region and that he bandaged Dybala in such a way around his chest in connection with the abrasions and the possible injuries to his chest and ribs that his breathing would be altered so that, if Dybala had a hernia resulting from the accident pain would have been present. Dybala was thus bandaged for ten days and his manner of breathing was for that time known as "abdominal breathing," and, of necessity, put a strain on muscles of the groin as well as other muscles of the abdominal area.

Respondent's doctor stressed the fact that Dybala's complaints related only to his chest, arms and his difficulty in breathing, and categorically stated that he never complained of pain below the belt line on any of the four different days he was treated commencing with the date of the accident and ending on September 6, 1948. This doctor did admit that he never examined Dybala's groin.

Other than the original accident report which was introduced in evidence by respondent without objection, the Division of Highways had no other record of any complaint from claimant until his complaint was filed

in this case. It is of some significance that the space on the printed report relating to hernia was left blank, and the form provided that, if hernia was involved, a special form was to be filled out.

Section 8 (d-1) of the Workmen's Compensation Act provides:

"An injured employee to be entitled to compensation for hernia, must prove:

1. The hernia was of recent origin;
2. Its appearance was accompanied by pain;
3. That it was immediately preceded by trauma arising out of and in the course of employment;
4. That the hernia did not exist prior to the accident."

Each of the four enumerated conditions must be proven by a preponderance of the evidence. *Cuneo Press Co.* v. *Ind. Com.*, 341 Ill. 569; *Joyce Bros. Storage Co.* v. *Ind. Com.*, 399 Ill. 456.

Even if we assume that conditions 1, 3 and 4 have been met, we feel that condition 2 has not been proven by a preponderance of the evidence. In fact, the evidence strongly preponderates, as regards condition 2, in favor of respondent.

Claimant's doctor states that Dybala's type of hernia would protrude into the inguinal canal within ten days and when it did sharp pain would be experienced. Respondent's doctor treated Dybala for ten days and at no time did Dybala complain of pain in his groin, even though his chest was bandaged in such a way as to accentuate any pain he might have in the region of his groin.

Other facts above set forth further tip the scales in favor of respondent, and an award must, therefore, be denied.

The legislature has made hernia the subject of special provisions and exceptions under the Workmen's Compensation Act. None of the above quoted require-

ments can be ignored. Proof must be made of the concomitant circumstances and conditions prescribed by the statute. To grant an award in this case would tend to nullify the special statutory provision and place claims for hernia in an identical position with, if not preferred position over, other compensable claims. *Mirific Products Co. v. Ind. Com.*, 356 Ill. 645.

Rothbart and Sewell, Court Reporters, Chicago, Illinois, were employed to take and transcribe the testimony before Commissioner Summers. Charges in the amount of $72.55 were incurred, which are reasonable and customary, and an award is, therefore, entered in favor of Rothbart and Sewell for such amount.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."