FAGAN *v.* WELLS-LAMONT, INC., et al.

No. 40217          October 1, 1956          89 So. 2d 632

*Mitchell & Simmerman,* Pascagoula, for appellant.

*Young & Daniel,* Jackson, for appellees.

GILLESPIE, J.

This case arose under the Workmen's Compensation Act. Appellant made claim for benefits for hernia. The attorney-referee denied the claim and the commission affirmed. Upon appeal to the circuit court, the commission was affirmed.

The facts as found by the commission upon its affirmance of the attorney-referee are supported by ample testimony, and appellant does not contend otherwise. Having theretofore been an employee of Wells-Lamont, Inc., one of the appellees, herein called employer, appellant was delivered of a baby by Cesarean section in May 1953. In October 1953, she returned to her job with employer. Her duty was to sew gloves. At the time of her return to work appellant had an incisional hernia near the belly button which was then about the size of a small tangerine. It is clear from the record that this hernia was the result of the incision made when her baby was delivered. From the time appellant returned to work in October 1953 until June 3, 1954, appellant showed the hernia to a number of her friends and told them she was ruptured. The hernia gradually increased in size but appellant continued to work until June 3, 1954, when she lifted a box while working for employer at which time she felt pain and the hernia became larger. She became

ill, was sent home, and went to see her physician the next day. The hernia was then as large as a person's head. On June 6, 1954, an operation was performed and she was later discharged, the physician then being of the opinion that she was able to return to work. Appellant's proof showed, however, that she has since been totally disabled.

The claim was denied by the lower tribunals for the reason that appellant failed to prove by a preponderance of the evidence, ''That there has been no descent or protrusion of the hernia or rupture prior to the accident for which compensation is claimed.'' Code of 1942, Sec. 6998-12, (3). ■■ ■ The only question raised by appellant's brief that warrants discussion is whether appellant is entitled to compensation for the aggravation of a pre-existing hernia.

The code section above referred to provides: *''In all cases* of claim for hernia, it shall be shown by a preponderance of the evidence. . .'' (Emphasis added). Then follows five requirements, one of which is quoted in the preceding paragraph of this opinion, and as to which appellant's proof failed. If appellant suffered any compensable injury, it was one for hernia, and having thus failed there is no other basis upon which to maintain her claim. It was observed by this Court in Ryan Supply Co. v. Brett, 222 Miss. 30, 75 So. 2d 75, that in accord with the rule as to liberal interpretation of the Workmen's Compensation Act, this Court has held that a pre-existing disease or infirmity does not disqualify a claim under the ''arising out of employment'' requirements of the Act if the employment aggravated, accelerated, or combined with the disease or infirmity to produce the death or disability for which compensation is sought. But it was there held that in hernia cases the Court must give effect to the requirements of the hernia section of the statute. The statute is clear and not subject to any other

interpretation. Should we adopt appellant's contention, we would assume the right to amend the Act.

Affirmed.

*McGehee, C. J.*, and *Kyle, Arrington* and *Ethridge, JJ.*, concur.