RAY *v.* WELLS-LAMONT GLOVE FACTORY, et al.

No. 41066          March 9, 1959          109 So. 2d 544

*Laurel G. Weir,* Philadelphia, for appellant.

*Snow, Covington & Shows,* Meridian, for appellees.

McGehee, C. J.

This is a claim for compensation on account of a hernia, and is made under the Workmen's Compensation Act. The attorney-referee denied the claim, and the full commission affirmed the decision, and on an appeal to the circuit court the decision of the full commission, which in this case was unanimous, was affirmed by the circuit court. This appeal is taken from that judgment.

During the month of May 1955 the claimant received an injury while at work for the appellee Wells-Lamont Glove Factory, which arose out of and in the course of her employment. The injury was a hernia in an old abdominal incision line where she had undergone sometime prior thereto a cesarean section. This hernia was repaired on May 26, 1955, by Dr. R. G. Hand of Philadelphia, Mississippi, who testified in the instant case that the former condition of the claimant was a post-surgical or post-operation hernia. The claimant was paid compensation by her employer for the period from May 24, 1955, to July 25, 1955, for temporary total disability in the sum of $197.55, and in addition, hospital and medi-

cal expenses in the total sum of $250.00, making a grand total of $447.55.

On February 10, 1958, the claimant signed a written statement for a representative of the insurance carrier which recited among other things that "in May of 1955 I had a hernia repair as a result of a box of gloves falling and the corner of the box striking me in the pit of the stomach. Dr. Hand did the repair and I went back to work the last of July. The repair held all right until sometime in September 1955. At that time I picked up a box of gloves. I do not know how much the box weighs but it holds ten dozen pairs of gloves. They were in a wooden box. The pain was very severe, burning and stinging. I reported it at the time to my supervisor, Mavis Tullos, she said I should see the doctor. I saw Dr. Hand. I saw him occasionally from that time until January 29, 1958. He advised me against another repair. I then talked with Dr. Caffey, who thought I needed a repair. He referred me to Dr. Bill Thornton in Meridian. There has been a gradual getting worse since September 1955, but no specific traumatic injuries since that time. The hernia was repaired again on February 4, 1958, and I am still unable to return to work. I worked on the basis of a forty hour week at a little over a dollar per hour. My job was sitting down at a sewing machine and when a box of gloves was completed we have to move them out of the way. We had to lift them to a stool about a foot high. I have read this report and it is correct to the best of my knowledge. (Signed) Lois Ray."

Dr. Hand testified that after the operation in May 1955 for the post surgical or post-operation hernia, he did not see the claimant again until December 15, 1955. But she claims that she sustained her second injury while at work on April 12, 1956, and that she saw Dr. Hand the next day. The doctor's records disclose that he did see the claimant on April 13, 1956, but do not disclose that she said anything to him about having sustained an in-

jury on the previous day, but her statements to him, as shown by his records, indicate that she had been suffering from the second hernia at least for a week, and he advised her to wear a support on account of the protrusion of this second hernia, but that he did not advise any further repair work at that time, or at any later date.

The claimant continued to work from July 25, 1955, until February 1958, when she had a second operation performed by Dr. Bill Thornton, and she testified that she had been unable to work since that time. A Mrs. Herrington, a fellow worker at the factory, testified that Mrs. Ray sustained a second injury on April 12, 1956, but on cross examination she admitted that the claimant had suggested that date to her as being the date on which she sustained her second injury at the factory.

At any rate, under Section 6998-12, sub-section (3), Code of 1942, the claimant was required to prove that "there has been no descent or protrusion of the hernia or rupture prior to the accident for which compensation is claimed; * * *". But instead of the proof establishing such fact it clearly showed the contrary. The case is controlled by this statute as interpreted in the cases of Ryan Supply Co. v. Brett, 222 Miss. 30, 75 So. 2d 75, and Fagan v. Wells-Lamont, Inc., 228 Miss. 660, 89 So. 2d 632, and is therefore not compensable.

The claimant contends however that the commission erred in giving attention to the statement signed by her as written and prepared by a representative of the insurance carrier. However we think that the commission was entitled to consider all of the evidence contained in the record before it.

The claimant further contends that the employer obligated itself to pay compensation for her disability following the operation in February 1958 by Dr. Bill Thornton, and this contention is based on the fact that the manager of the employer company told her that she was under the Workmen's Compensation law and

furnished her blank forms on which to file a claim. However we do not think that this action on the part of a representative of the employer had the effect of making the claim compensable; it merely meant that she was covered by the Workmen's Compensation Law as to any compensable claim that she had against the employer. Notwithstanding that the employer furnished the blank forms for use in filing the claim, its action did not destroy the effect of Section 6998-12, sub-section (3), Code of 1942.

We are of the opinion that the action of the attorney-referee and of the full commission, which was affirmed by the circuit court, is supported by substantial evidence and is in accordance with the weight of the evidence in the case, and that the judgment of the circuit court appealed from herein should, therefore, be affirmed.

Affirmed.

*Hall, Arrington, Ethridge* and *Gillespie, JJ.,* concur.