DEPENDENTS OF JAMES FLOOD, DECEASED *v.*
NCO OPEN MESS, COLUMBUS AIR FORCE BASE, et al.

No. 41396 February 22, 1960 118 So. 2d 294

*Carter & Van Every,* Columbus, for appellants.

*Vardaman S. Dunn,* Jackson, for appellee.

ETHRIDGE, J.

This is a workmen's compensation claim for death benefits, arising from the death of an employee following an operation for the reduction of an inguinal hernia. The attorney referee, Workmens Compensation Commission, and Circuit Court of Lowndes County, successively denied the claim.

James Flood worked as a janitor at the NCO Open Mess, Columbus Air Force Base. He had suffered for some time with a hernia which had descended on several occasions. On July 29, 1957 he lifted a heavy sack of potatoes in the course of his duties, and the strain of doing this caused the descent of the hernia, which became strangulated. This necessitated an operation on July 30. For several days thereafter he had an uneventful postoperative convalescence, but on the eighth day he suffered a pulmonary embolism which resulted in his death. The surgeon who performed the operation testified that the work of the employee probably aggravated and brought on the strangulated condition of the existing or old hernia.

Miss. Code 1942, Sec. 6998-12 contains special provisions for hernia claims. The third of the five requirements which claimant must prove by a preponderance of the evidence is, ''That there has been no descent or protrusion of the hernia or rupture prior to the accident for which compensation is claimed.'' The record shows without dispute that there had been a previous descent or protrusion of the hernia before the accident

in question. Hence appellants were unable to establish the fact of no prior descent or protrusion of the hernia before the accident. This negative is a statutory prerequisite to recovery for hernia claims. As was stated in Fagan v. Wells Lamont, Inc., 228 Miss. 660, 89 So. 2d 632 (1956), the "statute is clear and not subject to any other interpretation. Should we adopt appellant's contention, we would assume the right to amend the Act." Ryan Supply Co. v. Brett, 222 Miss. 30, 75 So. 2d 75 (1954). Appellants failed to bring their claim within the requirements of the statute.

 ██ Appellants argue that a death claim involving a hernia is not restricted by the five requirements of Code Sec. 6998-12. That statute, after stating the five requisites which must be shown, including the fact of no prior descent of the hernia, provides that "in every case of hernia or rupture as above defined," the employer must provide the stated benefits. The final sentence of that section states: "In case death results within a period of one year, either from the hernia or rupture, or from the radical operation thereof, compensation shall be paid the dependents as provided in other death cases under this act."

It is suggested that, since the last quoted sentence is the only one dealing with death claims resulting from hernia or operations therefor, they are not restricted by the five precedent requirements in Sec. 6998-12. And it is urged that the general rule pertaining to work-aggravation of a pre-existing condition should apply in death claims. However, the section in question does not indicate such legislative intent. No distinction is made between disability and death claims in hernia cases. Nor is there any apparent reason why the legislature should have made such a distinction. Other jurisdictions having somewhat similar statutes apply the same criteria to compensation for both disability and death. Cuneo Press Co. v. Industrial Commission, 341 Ill. 569, 173

N. E. 470 (1930); Jordan v. State Compensation Commission, 120 W. Va. 142, 197 S. E. 20 (1938). ██ █ The legislature by Sec. 6998-12 has placed hernia claims under the compensation act in a different category and with different criteria from those of other work-connected injuries. The workmen's compensation law constitutes a statutory privilege, and we are not authorized to alter the legislative requirements for the benefits conferred, even though the restrictions in hernia cases are exceptionally stringent.

Affirmed.

*McGehee, C. J.,* and *Kyle, Arrington,* and *Gillespie, JJ.,* concur.