Commans, et al. *v.* Ingalls Shipbuilding Corp., et al.

No. 41729       March 13, 1961       128 So. 2d 114

*Laurel G. Weir,* Philadelphia; *Benton R. Gordon,* Decatur; *Roy N. Lee,* Forest, for appellants.

*White & White,* Gulfport, for appellees.

McElroy, J.

This is a workmen's compensation claim for death benefits arising from the death of an employee following an operation of a diaphragmatic hernia. The attorney-referee allowed the claim. The Workmen's Compensation Commission disallowed the claim and the Circuit Court of Jackson County affirmed the Commission.

The decedent J. T. Commans was an employee of the Ingalls Shipbuilding Corporation in Pascagoula, Mississippi, during the latter part of the year 1957. He was at that time 55 years of age, and employed in the capacity of an electrician. He died on December 3, 1957, leaving as his sole dependent under the Workmen's Compensation Act his widow, Mrs. J. T. Commans. It was the testimony of the appellant, as well as her children, that the decedent's general health had deteriorated for a period of approximately one year prior to his death. Mr. Commans had worked for Ingalls Shipbuilding Corporation for several years. It was the testimony of Dr. McIllwain that during the year 1956, when he

first saw Mr. Commans, that he diagnosed Commans' troubles as disphragmatic hernia and advised an operation at that time. He further testified that decedent's work did not aggravate this hernia, and that it was a progressive disease. Dr. J. Gordon Dees operated on decedent in December 1957. He defined a diaphragmatic hernia as follows: "A hernia is an abdominal protrusion of a viscus or part of a viscus or a peritoneum found attached to or part of a viscus through the abdominal wall. Diaphragmatic hernia is protrusion of the organs mentioned through the diaphragm." He operated upon the decedent for the repair of this hernia and decedent expired on December 3, 1957. It was the doctor's opinion that decedent had a coronary thrombosis with myocardial infarction secondary to the operation. He was of the opinion that this could have been a congenital hernia. The general opinion of the doctors was that this operation was necessary a year before, and that decedent's work did not aggravate the hernia. The record discloses this pre-existing condition of hernia even prior to January 1956. There is no proof whatever in the record that this hernia was sustained at Ingalls Shipbuilding Corporation or that if it were so sustained that he complied with the provisions of Section 6998-12 of the Mississippi Code of 1942.

This Court has heretofore held that aggravation of a pre-existing hernia, or death as a result of an operation necessitated by the aggravation of a pre-existing hernia, is not compensable. Ryan Supply Co. v. Brett, 222 Miss. 30, 75 So. 2d 75; Fagan v. Wells-Lamont, Inc., 228 Miss. 660, 89 So. 2d 632; Flood v. NCO Mess, 238 Miss. 207, 118 So. 2d 294.

The appellants contend that the Workmen's Compensation Act does not define hernia and in their brief cite from Medical Dictionary for Lawyers by Malloy, pages 254 and 255, some 47 definitions of hernia. They argue that we should make an exception as to this type

of hernia. They contend that other states have made an exception and that the legislature did not intend to include this type of hernia. ▪▪ ▪ The legislature seemed to be certain in Section 6998-12, Code of 1942, when it stated fully that "in all cases of claim of hernia" certain requirements must exist before the commission would be justified in allowing a claim. The act requires that the claimant must prove by preponderance of the evidence "that there had been no descent or protrusion of the hernia or rupture prior to the accident for which compensation is claimed". This record shows that there had been a previous protrusion of the hernia back in 1956, at which time the doctors advised an operation. Therefore, the appellants were unable to establish or negative the statutory prerequisites to recovery of hernia claim. In Fagan v. Wells-Lamont, Inc., supra, it was held: "The statute is clear and not subject to any other interpretation. Should we adopt appellant's contention, we would assume the right to amend the act." Citing Ryan Supply Co. v. Brett, supra.

▪▪▪ We feel that the exclusion of one type of hernia and inclusion of another type of hernia would be contrary to the intent of the legislature. Flood v. NCO Mess, supra, held: "The legislature by Section 6998-12, Code of 1942, has placed hernia claims under the compensation act in a different category and with this different criteria from those of other work-connected injuries. The workmen's compensation act constitutes a statutory privilege, and we are not authorized to alter the legislative requirements for the benefits conferred, even though the restrictions in hernia cases are exceptionally stringent."

The case is therefore affirmed.

Affirmed.

*McGehee, C.J.*, and *Arrington, Ethridge,* and *Rodgers, JJ.,* concur.