Rogers *v.* Vicksburg Hardwood Company, et al.

No. 41802 April 24, 1961 129 So. 2d 124

*Teller, Biedenharn & Rogers,* Vicksburg, for appellant.

*Dent, Ward, Martin & Terry,* Vicksburg, for appellees.

ARRINGTON, J.

The appellant, Marvin Edmund Rogers, claimant below, appeals from a judgment of the Circuit Court of Warren

County affirming the order of the Workmen's Compensation Commission.

It is admitted that the appellant, while working for the Vicksburg Hardwood Company on August 8, 1957, during the course of his employment, was accidentally injured. The injuries were a result of the appellant getting his left index finger caught in a sprocket wheel which pulled him over against the moving wheel which struck him in the upper part of the abdomen. He sustained a fifty percent loss of use to his left index finger and a hernia of the left quadrant of the abdomen.

The attorney-referee allowed appellant compensation for the loss of the use of his finger—from which there is no appeal. The appellant refused an operation for the hernia, whereupon he was awarded compensation of $25 per week for a period of thirteen weeks, which award was affirmed by the Commission.

The appellant argues that the attorney-referee erroneously applied the provisions of Section 6998-12, Code of 1942, and that appellant should have been awarded permanent total disability benefits. Section 6998-12 reads as follows:

"Same—hernia.—In all cases of claim for hernia, it shall be shown by a preponderance of the evidence:

"1. That the descent or protrusion of the hernia or rupture immediately followed as the result of sudden effort, severe strain, or the application of force to the abdominal wall; . . . ."

The claimant's doctor testified that his diagnosis was hernia of the upper left quadrant of the abdomen, which is a hernia of the left upper abdominal wall. He, as well as the other doctors, also testified that the operation to correct this hernia would be similar to the operation for an inguinal hernia. The appellant contends that it was not the intent of the legislature for a hernia of this kind to come within the hernia section of the Act. ██ We do not agree, as this hernia comes within the first pro-

vision of the statute above quoted, in that it was the result of the application of force to the abdominal wall. We have consistently followed the requirements of the hernia section of the statute. Fagan v. Wells-Lamont, et al., 228 Miss. 660, 89 So. 2d 632; Flood v. N. C. O., Columbus Air Force Base, et al., 118 So. 2d 294. Cf. the recent case of Commans, et al. v. Ingalls Shipbuilding Corporation, et al., No. 41,729, decided by this Court on March 13, 1961. Consequently, appellant's right to compensation benefits must be measured by the statute relating to hernia.

Affirmed.

*Lee, P.J.,* and *McElroy, Rodgers* and *Jones, JJ.,* concur.