Matthews *v.* Hardaway Contracting Co. *et al.*

(*Nashville,* December Term, 1941.)

Opinion filed June 27, 1942.

CLAUDE CALLICOTT, of Nashville, for plaintiff in error.

ARMISTEAD, WALLER, DAVIS & LANSDEN, of Nashville, for defendant in error.

MR. JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error Matthews filed his petition in the Circuit Court of Davidson County against the Hardaway Contracting Company, Foster & Creighton Company, Hardaway-Creighton Company, and the Fidelity & Casualty Company of New York, to recover compensation under the Tennessee Workmen's Compensation Act. Code 1932, sec. 6851 *et seq.* The plaintiff was employed as a saw filer on October 1, 1940, by defendants, who were engaged in constructing an army camp at Camp Forrest, near Tullahoma, Tennessee. He worked for them from that date until February 19, 1941, when he suffered an injury which is the basis of this suit. His

average weekly wage was $75. The plaintiff and defendants were operating under the provisions of the Workmen's Compensation Act of Tennessee. It is alleged that the defendants transported their employees in trucks from a place where they checked in to their respective places of employment inside the army camp. On February 19, 1941, while riding to work in a truck with other employees (they were all standing in the truck), the driver caused the said truck to stop suddenly, and as a result thereof one of plaintiff's co-workers was thrown against him with such force and violence as to cause a serious abdominal injury. The petition further alleges that a few years prior to this injury the plaintiff had sustained an injury resulting in a slight hernia, but that it had never given him any serious trouble; that it had not disabled him to any extent, except for a few days following the accident which produced it. It is furthermore alleged in the petition that the injury which he sustained on February 19, 1941, greatly aggravated the existing hernia; that the same was enlarged immediately after said accident and as a proximate result he has since been unable to work, and that he will not be able to do any work in the future unless he has a successful operation.

The defendants demurred to the petition on the ground that it showed on its face that the petitioner had a hernia prior to and at the time of the alleged accident, and that he is not entitled to recover compensation under the Act and especially under section 10 of Chapter 90 of the Public Acts of Tennessee for 1941.

On December 11, 1941, the trial judge sustained the demurrer and dismissed the petition, to which action of the Court an exception was taken. Petitioner was granted an appeal to this Court and has assigned the following

errors: (1) The Court erred in sustaining the defendants' demurrer to the petition and in dismissing the petition; (2) the Court erred in holding that, notwithstanding the fact that petitioner sustained permanent injuries, totally disabling him from the time of the accident until the filing of the suit and for an indefinite time thereafter, in an accident arising out of and in the course of his employment, he was not entitled to the benefits of the Workmen's Compensation Act for the reason that the injury resulted in the aggravation of a preexisting hernia or rupture of a very slight and inconsequential nature, which had not for many years prevented him from performing his occupational tasks.

The demurrer sets out only a portion of Section 10 as being applicable to this case. Chapter 90 of the Public Acts of 1941 amended the Code by adding the following section, to be known as 6892-A. The amendment provides as follows:

"Hernia—Compensation For And When Allowed—In all claims for compensation for hernia or rupture, resulting from injury by accident arising out of and in the course of the employee's employment, it must be definitely proven to the satisfaction of the Court:

"First. That there was an injury resulting in hernia or rupture.

"Second. That the hernia or rupture appeared suddenly.

"Third. That it was accompanied by pain.

"Fourth. That the hernia or rupture immediately followed the accident.

"Fifth. That the hernia or rupture did not exist prior to the accident for which compensation is claimed."

Before passing to the consideration of the legal question raised in the petition and demurrer, it would be

well to notice the reasons, if any exist, for the passage of this amendment to the compensation statute. It relates solely and alone to an injury arising out of and in the course of employment which results in producing a hernia. It is a matter of common knowledge to men engaged in the science of medicine and surgery, of which we may take judicial cognizance, that a hernia or rupture may result from many causes wholly independent of any traumatic or compensable injury. It is often due to congenital weakness of the abdominal wall and various diseases. Under such circumstances the hernia or rupture might follow any slight exertion, such as coughing or sneezing. It might appear when the workman is engaged in his daily task and not be due to any strain or physical act which could be even thought of as an injury. The question of when a hernia is caused by an injury, or merely results from some inherent physical weakness or disease, is one that is difficult of solution by the courts. Unless it results from some form of trauma arising out of and in the course of the workman's employment, he is not entitled to compensation. The difficulties in finding the truth in such a situation have given rise to the enactments of statutes in several States similar to our own statute (Chapter 90, Acts of 1941). We think it was the object and purpose of our own Legislature, as well as the Legislatures of other States, to remove the issue as far as possible from the field of conjecture and speculation. This Court has held in a number of cases that the compensation act must be given a liberal construction. While this is the bounden duty of the courts, we feel that we should not go so far in the matter of liberal interpretation as to add confusion to a statute which was enacted to aid the courts in deciding a difficult problem. The

compensation act is in derogation of the common law and contrary to the general rule of statutory construction calling for a strict construction, we give it a liberal interpretation. The reason for this is manifest. Prior to the passage of the amendatory act in question, an employee undoubtedly had the right to recover under the statute for an injury resulting in or causing a hernia and he still has that right. But the Legislature has imposed upon him the duty of proving certain things essential to entitle him to a valid judgment, one of which is that at the time of the injury he did not have a pre-existing hernia. But petitioner contends that he is not suing for an injury causing a hernia and that the amendatory act is not controlling; that he has the right to recover for an injury which aggravated or enlarged an old hernia. If it be conceded that a hernia may be caused by many things other than a compensable injury, it must naturally and reasonably follow that a small, pre-existing rupture might become enlarged from causes having no relation to any injury arising out of and in the course of one's employment.

The question presented in the instant case has been decided in several jurisdictions, the courts as well as industrial commissions being called upon to construe statutes expressly relating to injuries producing a hernia or rupture. The statutes in New Jersey, Pennsylvania, and Illinois, are similar to our own statute, while the West Virginia act is almost identical with ours. In *Cuneo Press Co.* v. *Industrial Commission*, 341 Ill., 569, 173 N. E., 470, 471, "a hearing was had before an arbitrator of the Industrial Commission, resulting in a finding that McKissick's death was caused by an accidental injury arising out of and in the course of his employment, but

was not compensable because the injury from which death resulted was a strangulation of a hernia which had existed prior to the time the injury was sustained.'' The Supreme Court of Illinois reversed the Superior Court and sustained the action of the commission in dismissing the suit. It appears that the decision was controlled by an amendment to the compensation act (Smith-Hurd Stats., 1929, Chapter 48, sec. 145, page 1412), which is an amendment enacted in 1925:

''All claimants for compensation based upon a hernia injury must prove (1) that the hernia was of recent origin; (2) that its appearance was accompanied by pain; (3) that it was immediately preceded by trauma arising out of and in the course of the employment; and (4) *that the hernia did not exist prior to the injury.''* (Italics ours.)

In the case of *Mirific Products Co.* v. *Industrial Commission,* 356 Ill., 645, 191 N. E., 203, 205, the Court referred to the above case and used the following language:

''The Legislature has made hernia the subject of special provisions and exceptions under the Workmen's Compensation Act. This court must give effect to those requirements. Proof must be made of the concomitant circumstances and conditions prescribed by the statute. To affirm the judgment in this case would tend to nullify the statutory provision and place claims for hernia in an identical position with, if not in a preferred position over, other compensable claims.''

Again the Court say:

''It has frequently been said that liability under the Workmen's Compensation Act . . . cannot rest upon imagination, speculation or conjecture or upon a choice between two views equally compatible with the

evidence, but such liability must arise out of facts established by preponderance of the evidence.''

The New Jersey act is somewhat different from the Tennessee amendatory act, but quite similar in its provisions to the Pennsylvania statute. The New Jersey act, N. J. S. A., 34:15-12, provides:

''Hernia.  x. Inguinal hernia is a disease which ordinarily develops gradually, being very rarely the result of an accident.  Where there is a real traumatic hernia resulting from the application of force directly to the abdominal wall, either puncturing or tearing the wall, compensation will be allowed.  All other cases will be considered as either congenital or of slow development and not compensable, being a disease rather than an accidental injury;  . . . '' 3 Schneider, Workmen's Compensation Statutes, p. 2291.  It is unnecessary to quote the entire act.

The Pennsylvania act, 77 P. S., sec. 515, provides:

''[h] Hernia shall be considered as a physical weakness or ailment, which ordinarily develops gradually, and shall not be compensable, unless incontrovertible proof is offered that the hernia was at once precipitated by sudden effort or severe strain and that: first, the descent of the hernia followed the cause without intervening time; second, there was actual pain in the hernial region at the time of descent; third, the above manifestations were of such severity that the same were noticed at once by the claimant, necessitating immediate cessation of work, and communicated to the employer or a representative of the employer within forty-eight hours after the occurrence of the accident.''  4 Schneider, Workmen's Compensation Statutes, p. 3266.

We think these statutes, including the West Virginia

statute and our own, indicate a clear intention to specially classify all compensable injuries resulting in a hernia, and, for reasons mentioned in one or more of the acts, to remove such claims from the field of speculation and conjecture and to close the door as far as possible against fraud on the part of certain claimants. The Tennessee act is identical with the West Virginia statute. In the case of *Jordan* v. *State Compensation Commissioner,* 120 W. Va., 142, 197 S. E., 20, 21, the Supreme Court of West Virginia held that an employee was not entitled to recover compensation for the aggravation of a hernia existing at the time of the injury. The Court in passing upon the provisions of the act said:

"As we construe the statute quoted, *it is intended to bar compensation for hernia where the same existed prior to an injury for which compensation is sought. . . .* The statute refers to 'all claims for compensation for hernia,' and, to obtain compensation therefor, certain things must be definitely proven to the satisfaction of the commissioner," etc. (Italics ours.)

The Court in discussing the objects and purposes of the act used the following language:

"The reason for this statute is not difficult to perceive. A great many people are afflicted with the ailment, and physical labor of any character tends to bring about an acute attack. If all aggravations of hernia were made compensable, it would result in the payment of compensation in many cases where no particular injury was sustained from other ordinary labor as distinguished from accidents or other unusual occurrences. The Legislature evidently had this in mind and presumably intended to draw a line between such hernia as was compensable and such as was not, and used the

statute quoted to effect that purpose. This construction is not a departure from the general rule followed by this court that an accident resulting in disability or death due to an aggravation of a pre-existing disease is compensable, because in the cases where that rule has been applied no statutory provision limiting the right to recovery, as in the case of hernia, existed.''

Able counsel for appellant has urged upon us the consideration of cases decided by the Supreme Courts of New Jersey and Pennsylvania, wherein it was held that an injury resulting in the aggravation of a pre-existing hernia is compensable. As we have pointed out, while these statutes indicate an intention to specially classify such injuries, they differ in some respects from our own statute. The Tennessee act expressly provides in subsection 5 that it must be definitely proven "that the hernia or rupture did not exist prior to the accident for which compensation is claimed.'' While we are pleased to give a liberal construction to the act, we cannot ignore what we consider a clear and unequivocal provision of the act. The foregoing is not in conflict with decisions of this Court which have been cited by counsel, wherein it was held that injuries which aggravate an existing physical ailment or disease are compensable, because in the cases referred to where the rule was applied *there were no statutory limitations upon the right to recovery*; nor it is in conflict with *Snyder* v. *McEwen*, 148 Tenn., 423, 256 S. W., 434, in which case the Court held that an amendatory act is not presumed to change existing law further than it expressly declares. We are referred to a recent case, *Webster* v. *Lloyd A. Fry Roofing Co.*, 177 Tenn., 122, 146 S. W. (2d) 946, opinion by Mr. Justice McKinney, in which an employee was allowed compensation for an injury causing a hernia. The Court, after

pointing out a diversity of opinion based upon statutes and rules promulgated by various industrial commissions, held that the injury was compensable under the compensation act. The present amendment to the compensation act was not even referred to by the Court. As a matter of fact, the opinion was delivered prior to the passage of the act.

We think the Legislature clearly intended to place certain limitations and restrictions upon the right to recover compensation for injuries causing a hernia and also to the aggravation or enlargement of a pre-existing hernia. The statute undertakes to point out and distinguish the injuries that are compensable and those that are noncompensable, and for the injured employee to recover he must bring his case within the provisions of the amendatory act. There are many injuries that are non-compensable and which cannot be made compensable under the Court's rule of liberal interpretation. In all such cases, as well as the instant case, the injured employee may have a common law right of action for the injury sustained.

The action of the trial judge in sustaining the demurrer is affirmed.

Special Justice HICKERSON did not participate in the disposition of this case.