**John COOK, Appellant,**

v.

**GREAT WEST CASUALTY COMPANY, Appellee.**

Supreme Court of Tennessee, at Knoxville.

Oct. 9, 1989.

Rehearing Denied Nov. 6, 1989.

James H. Harris, Arnold, Winfrey, Simpson & Harris, Loudon, for appellant.

Robert W. Knolton, Morton, Lewis, King & Krieg, Knoxville, for appellee.

## OPINION

HARBISON, Justice.

This case involves a claim for worker's compensation benefits resulting from the recurrence on July 12, 1982, of an admittedly occupational hernia which had occurred on July 1, 1981. The trial judge held that there could be no recovery for the recurrence or aggravation of a pre-existing hernia under the provisions of T.C.A. § 50–6–212(a)(5). While that statement is found in some reported cases, it deals with the aggravation of a pre-existing non-compensable hernia, not to the sequelae of an admittedly occupational and compensable hernia.

Since the decision of the trial judge was apparently based upon an error of law, we reverse and remand for a new trial.

There is no dispute as to the material facts regarding the claimed injury. There is sharply controverted medical testimony as to the degree and extent of any permanent partial disability and as to whether the employee is entitled to any additional temporary total disability. We express no opinion on these issues, which must be resolved by the trial judge at the new trial.

On July 1, 1981, the employee, appellant here, admittedly sustained a right inguinal hernia in the course and scope of his employment at Crete Carrier Corporation, the insured of appellee Great Western Casualty Company. The hernia occurred at the site of a previous hernia sustained in 1976 while appellant was working for a different employer.

The July 1, 1981, hernia had occurred under circumstances meeting all of the criteria of the hernia statute, T.C.A. § 50–6–212. The employee was able to continue to work for several months after the accidental injury, but in February 1982

it was necessary for him to undergo surgery for repair of the hernia. The employee was off from work until about April 15, 1982. He was paid temporary total disability benefits, and his medical expenses were paid by the worker's compensation insurer. At that time he made no claim for permanent partial disability, and he returned to his work as an over-the-road truck driver.

About three months later, on July 12, 1982, appellant sustained another accidental injury in the scope and course of his employment. While attempting to rearrange some heavy crates of oranges in the trailer of his truck, in the presence of his immediate supervisor, the truck owner, he sustained acute pain, apparently as a result of strain, at the hernia site. Thereafter for several months he was able to work only with assistance, and his employer hired temporary or substitute help to assist in the actual moving of cargo, leaving appellant primarily the duty of driving tractor trailer units. By January 1983, appellant was in such pain that he underwent additional surgery at the same operative site. He was not able to return to work after this surgery, and for twenty-nine weeks the worker's compensation insurer paid him temporary total disability benefits. It also paid the expenses for the January 1983, surgery. The surgeon was not able to find a new hernia, but testified that appellant's pain could have been due to scar tissue from the two previous operations which he had undergone at the same site. The worker's compensation insurance carrier ceased making payments to appellant in the early part of 1983, but the appellant was not able to return to work. He filed this action in April 1984. Thereafter, in October 1984, the worker's compensation insurer paid for his visit to a pain clinic in Atlanta, Georgia, where he was evaluated and an attempt was made to locate the source of his pain. There is no question, however, that much of the pain was centered in the right inguinal area which had been the site of the admittedly compensable hernia in 1981.

In the complaint, counsel for appellant alleged that the July 12, 1982, injury was compensable in and of itself. The employer denied this and alleged that it was nothing more than an aggravation of the previous hernia. The employer apparently took the position, and the trial judge held, that the aggravation of a previous hernia is not compensable under the terms of T.C.A. § 50–6–212(a) which lists a number of conditions that must be established in all claims for compensation for a hernia or rupture. The fifth subdivision requires:

> That the hernia or rupture did not exist prior to the accident for which compensation is claimed.

It was apparently the position of the employer that since a new hernia had not been found after exploratory surgery following the July 12 accident, then that accident was not compensable, despite the fact that the employer had treated it as compensable and had paid medical benefits and temporary total disability benefits in connection with it.

While it is true that counsel for appellant in the pleadings primarily relied upon the July 12, 1982, incident as the compensable accident, in a post-trial motion he asked that the Court consider the July 1982, incident as an aggravation or a consequence of the July 1, 1981, occupational hernia. The trial judge declined to consider the matter further, and counsel for appellee insists that the employee is not entitled to have that theory considered, even though the answer filed on behalf of appellee itself raised that theory and undertook to rely upon it as a defense to the action.

■ It seems to us that there has been a misconception of the hernia statute in this case. The fifth subdivision of the statute applies to situations where an employee has either a congenital hernia, or a pre-existing hernia which was not occupationally caused or related. In such cases, even if the employee sustains an accidental injury in the scope and course of his employment which aggravates the prior non-compensable hernia, recovery cannot be permitted under the terms of the statute. *See Matthews v. Hardaway Contracting Co.*, 179 Tenn. 98, 163 S.W.2d 59 (1942). *See also Miller v. Fentress Coal & Coke Co.*, 190

Tenn. 670, 231 S.W.2d 343 (1950); *F.H. Lawson Co. v. Rambo,* 225 Tenn. 217, 465 S.W.2d 732 (1971).

All of these cases deal with some pre-existing weakness or injury which was not work-related. They do not deal with the recurrence of a compensable hernia such as that alleged in the present case.

As pointed out in the cases previously cited, a number of states have statutes similar to that enacted in Tennessee in 1941 and now codified at T.C.A. § 50–6–212. Aggravation or exacerbation of a congenital or non-compensable hernia is simply not covered under the worker's compensation statute for policy reasons sufficient to the General Assembly and discussed in detail in the cases just cited.

These cases, however, do not at all indicate that there can be no permanent partial disability award for a hernia which does occur in the scope and course of employment and which meets the conditions of T.C.A. § 50–6–212. In the case of *Wood v. Edenfield Electric Co.,* 211 Tenn. 295, 364 S.W.2d 908 (1963), this Court allowed permanent partial disability benefits for muscle weakness and other consequences of an admittedly compensable hernia. *See also* the recent case of *Corcoran v. Foster Auto GMC, Inc.,* 746 S.W.2d 452 (Tenn.1988).

The employee in this case suffered a compensable hernia in July 1981. He has never been allowed any permanent partial disability award from that hernia. There is medical testimony that there was a recurrence in July 1982, when the employee strained himself in the scope and course of his employment.

When an employee does have a recurrence of a compensable hernia or in the course of his employment he aggravates a previously compensable hernia, then the employee is entitled to further compensation benefits, both temporary and total, if causation is proved. It is no defense for the employer to urge, as here, that work-related aggravation of a hernia is not compensable if it grew out of or resulted from an earlier compensable hernia. *See City of Bristol v. Reed,* 218 Tenn. 173, 402 S.W.2d 124 (1966); *see also City of*

*Altus v. Glendenning,* 549 P.2d 75 (Okla. 1976).

The case appears to us to have been disposed of upon an erroneous legal theory and a misinterpretation of the statute involved. Accordingly the judgment of the trial court holding that the July 12, 1982, injury was not compensable is reversed. The cause will be remanded for a new trial, at which the trial judge will determine whether causal connection exists and whether additional benefits, temporary or permanent, should be awarded. The court, of course, may consider the proof already filed and any other evidence which either of the parties may introduce.

Costs incident to the appeal are taxed to appellee. All other costs will be fixed by the trial judge.

DROWOTA, C.J., and FONES, COOPER and O'BRIEN, JJ., concur.

### ORDER ON PETITION FOR REHEARING

Appellee has filed a petition for rehearing. After consideration, the Court finds that the petition is not well taken and the same is accordingly denied at the cost of appellee.