**Robert Phillip MANNERY**

v.

**WAL–MART DISTRIBUTION CENTER.**

Supreme Court of Tennessee,
at Knoxville.

March 1, 2002.

---

B. Chadwick Rickman, Knoxville, Tennessee, for the appellant, Wal–Mart Distribution Center.

John T. Milburn Rogers, Greenville, Tennessee, for the appellee, Robert Phillip Mannery.

## OPINION

FRANK F. DROWOTA, III, C.J., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, joined.

The dispositive issue in this workers' compensation appeal is factual: whether the right inguinal hernia for which the plaintiff claims recovery existed prior to the work-related accident that occurred on April 24, 1998. If the hernia existed prior to the accident, recovery is barred by Tenn.Code Ann. § 50–6–212(a)(5) which provides that an employee must prove that the "hernia or rupture did not exist prior to the accident for which compensation is claimed." The trial court found that the hernia did not exist prior to the work-related accident, concluded that the plaintiff had a compensable workers compensation claim, and awarded the plaintiff twenty-one percent permanent partial disability to the body as a whole. The Special Workers' Compensation Appeals Panel affirmed the decision of the trial court. We granted the defendant's motion for review and now affirm the decision of the trial court and the Special Workers' Compensation Appeals Panel.

### Governing Statute

Tennessee Code Annotated section 50–6–212(a) governs the recovery of workers' compensation benefits for hernias and provides as follows:

(a) In all claims for compensation for hernias or rupture, resulting from injury by accident arising out of and in the course of the employee's employment, it must be definitely proven to the satisfaction of the court that:

(1) There was an injury resulting in hernia or rupture;

(2) The hernia or rupture appeared suddenly;

(3) It was accompanied by pain;

(4) The hernia or rupture immediately followed the accident; and

(5) *The hernia or rupture did not exist prior to the accident for which compensation is claimed.*

(Emphasis added.) The only disputed issue in this appeal is whether the facts of this case satisfy subsection (5) of the statute.

### *Factual Background*

The plaintiff, Robert Phillip Mannery worked for the defendant, Wal–Mart Distribution Center, in Greene County, Tennessee. On April 24, 1998, Mannery was lifting a box of merchandise weighing 200 pounds when he felt a "pop" in his right groin area, followed immediately by sharp, burning pain. Mannery was diagnosed as having a right inguinal hernia which was surgically repaired by Dr. Calvin Morgan on June 9, 1998. Mannery returned to work for the defendant upon his release from Dr. Morgan, but at the time of trial, he continued to have pain and impaired sexual function.

Two physicians examined Mannery for purposes of this litigation. Both testified by deposition. The plaintiff introduced the deposition of Dr. David Jones, a board certified urologist. Dr. Jones stated that Mannery had related a history of having lifted a heavy box at work which resulted in his right inguinal hernia. Dr. Jones concluded that the pain and impaired sexual function Mannery continues to experience is a result of the work-related injury he sustained. Dr. Jones opined that Mannery has a fifteen to seventeen percent anatomical impairment rating and further recommended that Mannery avoid future employment involving heavy work or work that would require repetitive squatting or crawling.

The defendant offered the deposition of Dr. Tony Haley, a general surgeon. Dr. Haley reviewed Mannery's medical records, which indicated that in 1994, while employed elsewhere, Mannery had suffered a work-related inguinal hernia on the left side of his groin which was surgically repaired by Dr. George Robb. At that time, Dr. Robb made a written note that Mannery also had a "very tiny early right inguinal hernia at the internal ring, causing no symptoms and hardly felt." According to Dr. Haley, right inguinal hernias, like the one noted by Dr. Robb in 1994, are normally congenital. In light of the medical records, Dr. Haley explained that Mannery "probably had bilateral inguinal hernias in 1994.[O]ne on the left, which was symptomatic and large, and a smaller one on the right. [P]robably when he strained, this weakness or the small inguinal hernia [on the right side] essentially ruptured or tore and developed a larger hernia that was symptomatic." Dr. Haley also testified that he discovered no evidence of an existing hernia on either the right or the left side when he performed a physical examination of Mannery prior to trial. Dr. Haley opined that Mannery has a ten to nineteen percent anatomical impairment rating as a result of the rupture and tearing of the small hernia and as a result of his continuing pain and impaired sexual function. Dr. Haley recommended that Mannery be referred to a pain management clinic.

Mannery testified at trial. While he admitted having a small lump in his right groin area before the accident on April 24, 1998, Mannery said he believed the lump was a cyst because he previously had several cysts removed. According to Mannery, he had no knowledge of Dr. Robb's written notation indicating a small right inguinal hernia in 1994. Finally, Mannery asserted that the hernia he suffered as a result of lifting the box on April 24, 1998 was located several inches from the pre-existing lump.

After considering this proof, the trial judge concluded that Mannery had sustained a compensable hernia injury arising out of and in the course and scope of his employment. In so finding, the trial judge stated as follows:

> Mr. Mannery's injury was not an aggravation or exacerbation of a congenital or non-compensable hernia. As Mr. Mannery could see no rupture of the abdominal wall prior to the accident in the location where said injury occurred, the Court concludes that the hernia or rupture did not exist prior to the action for which compensation is claimed.

The trial court awarded Mannery twenty-one percent permanent partial disability to the body as a whole.[1] The defendant appealed, and the Special Workers' Compensation Appeals Panel affirmed the trial court's judgment. We granted review.

### Standard of Review

■ In workers' compensation cases, the standard of review is de novo upon the record, accompanied by a presumption of the correctness of the trial court's factual findings, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. § 50–6–225(e)(2); *Cutler–Hammer v.*

*Crabtree*, 54 S.W.3d 748, 753 (Tenn.2001). Application of this standard requires this Court to weigh in-depth the trial court's factual findings and conclusions. *Cleek v. Wal–Mart Stores*, 19 S.W.3d 770, 773 (Tenn.2000). When the trial judge has seen and heard witnesses, considerable deference must be accorded the trial court's determinations as to the weight and credibility of the testimony. *Townsend v. State*, 826 S.W.2d 434, 437 (Tenn. 1992); *Humphrey v. David Witherspoon, Inc.*, 734 S.W.2d 315, 315 (Tenn.1987). However, when the medical testimony is presented by deposition, this Court may make an independent assessment of the medical proof to determine where the preponderance of the evidence lies. *Cooper v. Ins. Co. of N. Am.*, 884 S.W.2d 446, 451 (Tenn.1994).

### Analysis

■ As we have previously recognized, the "hernia statute" creates an exception to the general rule that an employer takes an employee as it finds that employee. *Capps v. Goodlark Medical Center, Inc.*, 804 S.W.2d 887, 890 (Tenn.1991). Thus, while an employee generally may recover for aggravation of a pre-existing condition if the aggravation is a result of a work-related injury, aggravation or exacerbation of a congenital or non-compensable hernia is not compensable under the workers' compensation statute. *Id.; Cook v. Great West Casualty Co.*, 779 S.W.2d 365, 366–67 (Tenn.1989); *F.H. Lawson Co. v. Rambo*, 225 Tenn. 217, 465 S.W.2d 732, 735 (1971); *Matthews v. Hardaway Contracting Co.*, 179 Tenn. 98, 163 S.W.2d 59, 60 (1942).

As used in the statute, "hernia or rupture" means "a protrusion of an organ or

---

1. On appeal, the defendant challenges only the compensability of the claim and does not challenge the amount of disability awarded.

Page 197 sample text.

tissue through the abdominal wall, resulting from an inherent weakness in the abdominal wall." *Capps,* 804 S.W.2d at 889; *see also Stone & Webster Engineering Corp. v. Davis,* 191 Tenn. 42, 231 S.W.2d 376, 379 (1950) ("rupture of the abdominal wall, such as could be seen by the claimant"). We have emphasized that "the language of the statute refers to the current 'hernia or rupture,' *i.e.,* the one which results from 'the accident for which compensation is claimed,' and not to a past condition which is unrelated to the new injury." *Capps,* 804 S.W.2d at 889. Thus, in *Cook,* workers' compensation benefits were awarded even though the hernia suffered in 1981 occurred at the site of an initial hernia the employee suffered in 1976 while working for a different employer. We held the second hernia compensable, despite the existence of a prior hernia, because the second hernia was a new injury and not one in "exist[ence] prior to the accident for which compensation [was] claimed." *Cook,* 779 S.W.2d at 367 (quoting Tenn.Code Ann. § 50–6–212(a)(5)).

Like *Cook,* the evidence in the record in this case does not preponderate against the trial court's determination that the hernia was not in existence prior to the 1998 accident for which Mannery seeks compensation. In so finding, the trial court relied upon Mannery's testimony that the hernia he sustained as a result of the 1998 accident was located several inches from the lump he had noticed prior to the accident. We afford considerable deference to the trial court's determinations as to the credibility of Mannery's testimony since he appeared before the trial court. The deposition medical evidence which we may independently assess does not contradict Mannery's testimony. None of the testifying physicians had examined Mannery prior to the 1998 accident. While Dr. Robb's written notation indicates that Mannery had a very small right inguinal hernia in 1994, this notation does not contradict Mannery's testimony that the 1998 hernia was several inches from the pre-existing lump. For these reasons, we conclude that the evidence does not preponderate against the judgment of the trial court.

### Conclusion

The judgment of the trial court and the Special Workers' Compensation Appeals Panel is affirmed. Costs of this appeal are taxed to the defendant, Wal–Mart Distribution Center, Incorporated, for which execution may issue if necessary.

WILLIAM M. BARKER, J., Not Participating.