

FILED

August 2, 2017

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

Time 12:35 PM

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT JACKSON

| | | |
|---|---|---|
| **BETSY A. JONES,** | ) | **Docket No. 2017-07-0074** |
| **Employee,** | ) | |
| **v.** | ) | |
| **DOLLAR GENERAL,** | ) | **State File No. 910-2017** |
| **Employer,** | ) | |
| **And,** | ) | |
| **STATE NATIONAL INS. CO.,** | ) | **Judge Allen Phillips** |
| **Insurance Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

This case came before the undersigned Workers' Compensation Judge on July 11, 2017, on Betsy Jones' Request for Expedited Hearing. Ms. Jones requested medical benefits for a hernia; Dollar General contended the hernia did not meet the statutory requirements of Tennessee Code Annotated section 50-6-212. Accordingly, the issue is whether Ms. Jones satisfied the statutory requirements for a compensable hernia. The Court holds she did and orders medical benefits.

### History of Claim

Ms. Jones is a store manager for Dollar General. On December 17, 2016, she noticed a painless "knot" in her abdomen after stacking forty-pound bags of dog food. She indicated the knot was in the right-lower quadrant of her abdomen, just above an appendectomy scar.

On December 27, Ms. Jones first felt pain in the area of the knot when working with her supervisor, Gayle Blackburn. Ms. Jones reported the pain to Ms. Blackburn, who told her to call the injury-reporting "hotline." Ms. Blackburn also completed a First Report of Work Injury that stated: "[Employee] alleges almost 2 weeks ago she was . . .

1

stacking bags of dog food weighing up to 40 lbs. and a little later noticed a 'lump' about the size of a 'baseball' in her abdomen in the RLQ."[1]

Ms. Jones called the "hotline," and a Dollar General representative referred her for medical evaluation. On December 30, Ms. Jones described the December 17 incident to Dr. Lawrence Jackson and told him that the knot in her abdomen "started hurting a few days later and is getting worse." Dr. Jackson referred Ms. Jones for an ultrasound of her abdomen which showed "no evidence of right anterior abdominal wall hernia or other focal abnormality." However, Ms. Jones contended the technician did not scan the area of the knot but instead focused on the midline of her abdomen near the navel.

After the ultrasound, Ms. Jones returned to Dr. Jackson, who palpated an "incisional" hernia "superior to her old appendectomy scar." He advised Ms. Jones to see a surgeon.

On January 9, 2017, Dollar General denied the claim on grounds that "[Ms. Jones'] injury did not occur in the course and scope of employment." Specifically, Dollar General contended Ms. Jones' hernia did not satisfy the requirements of Tennessee Code Annotated section 50-6-212. At the hearing, Dollar General particularly contested the statutory requirement that a hernia must be "accompanied by pain," arguing Ms. Jones did not experience pain until "several days" after the hernia's appearance.

For her part, Ms. Jones argued she never had a hernia before December 17. She admitted she did not feel pain until December 27 but related the pain to the hernia she first noticed ten days earlier. She requested medical treatment and payment of two outstanding medical bills.

### Findings of Fact and Conclusions of Law

*Standard applied*

Ms. Jones must come forward with sufficient evidence from which the Court can determine she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2016). Because she alleged a hernia injury, she must "definitely prove[] to the satisfaction of the court" that:

(1) There was an injury resulting in hernia or rupture;
(2) The hernia or rupture appeared suddenly;
(3) It was accompanied by pain;
(4) The hernia or rupture immediately followed the accident; and

---

[1] Dollar General did not define "RLQ," but the Court reads it to mean "right lower quadrant" in context.

2

(5) The hernia or rupture did not exist prior to the accident for which compensation is claimed.

Tenn. Code Ann. § 50-6-212(a) (2016).

*Analysis*

The reason for the strict requirements of section 50-6-212(a) is "to remove the issue [of what is a compensable hernia] as far as possible from the field of conjecture and speculation." *Matthews v. Hardaway Contracting Co.*, 163 S.W.2d 59, 60 (Tenn. 1942)). Thus, an employee seeking benefits for a hernia must "bring [her] case within the provisions" of that section. *Id.* at 62. Guided by this authority, the Court will analyze the evidence in light of each of the statutory requirements.

*(1) Injury resulting in hernia*

Ms. Jones testified that she injured herself on December 17 while moving forty-pound bags of dog food. The Court observed Ms. Jones testify and noted she was self-assured, confident, and forthcoming. She detailed her injury steadily and without hesitation. The Court finds her credible. *See Kelly v. Kelly*, 445 S.W.3d 685, 694-95 (Tenn. 2014). Likewise, the Court finds consistent statements in her affidavit filed with the hearing request, and in the history she provided Dr. Jackson.

Looking to the medical evidence, the Court notes Dr. Jackson palpated a hernia and referred Ms. Jones to a surgeon but did not provide a causation opinion. However, Ms. Jones need not produce a causation opinion at this hearing but must only come forward with sufficient evidence to show she would likely prevail at a hearing on the merits. This lessened standard of proof is designed to prevent an injured employee, like Ms. Jones, from having "to seek out, obtain, and pay for . . . medical evaluation or treatment before . . . her employer would have any obligation to provide medical benefits." *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13-14 (Mar. 27, 2015). "The delays inherent in such an approach, not to mention the [potential cost barrier for Ms. Jones], would be inconsistent with a fair, expeditious, and efficient workers' compensation system." *Id.* at *10.

The Court finds Ms. Jones' testimony and Dr. Jackson's statements establish that she would likely prevail at a hearing on the merits regarding the injury requirement.

*(2) Sudden appearance*

When our Legislature used the word "suddenly," it meant that the hernia must have developed without warning or "without previous notice." *Etter v. Blue Diamond*

*Coal Co.*, 215 S.W.2d 803, 806 (Tenn. 1948). Here, Dollar General did not refute that Ms. Jones first noticed a "knot" in her abdomen after moving bags of dog food. Hence, the Court finds Ms. Jones satisfied the sudden-appearance requirement.

### (3) Accompanied by pain

Ms. Jones testified she felt a sharp pain in the knot on her abdomen on December 27, ten days *after* she first noticed it. The Court finds this onset of pain satisfies the statutory requirement.

The Court notes the statute does not attach a time limitation to the "accompanied by pain" requirement. This absence of a time limitation is unlike other provisions of the statute that require a "sudden appearance" of a hernia and that it "immediately follow" an accident. Instead, section 50-6-212(a)(3) simply says a hernia must be "accompanied by pain," without providing *when* an employee must feel the pain. For example, the Appeals Board explained that an employee who felt pain two days after an incident allegedly causing a hernia satisfied the pain requirement. *Long v. Hamilton-Ryker*, 2015 TN Wrk. Comp. App. Bd. LEXIS 23, at *10 (July 31, 2015). There, the employee had only a "funny feeling" on the day he lifted heavy objects but then felt a "tweak" of pain over the next two days. *Id.* Based on those facts, the Board affirmed an award of benefits.

In this case, Dollar General argued the onset of pain "a day or two" later satisfies the requirement but that an onset ten days later does not. The Court disagrees. To dictate when the pain from a hernia must appear grafts onto the statute a requirement that does not exist. Instead, as our Supreme Court has explained, even the word "immediately" does not mean "instantaneous;" it means only that a hernia "appears so soon after the injury that it would not be possible to attribute it to any other cause." *Etter,* at 806. Logic dictates the same regarding the onset of pain here. The Court cannot attribute Ms. Jones' pain to any cause other than the knot in her abdomen. Accordingly, the Court finds Ms. Jones satisfied the requirement that her hernia "was accompanied by pain."

### (4) Immediately following the accident

In *Etter*, the Supreme Court also explained that the meaning of the word "immediately" depends upon the circumstances and events in connection with which the word is used. *Id.* Here, Ms. Jones testified credibly that she felt a defect in her abdomen after moving merchandise, and the Court finds she satisfied the requirement that her hernia immediately followed the accident.

*(5) The hernia was not pre-existing*

The criteria of section 50-6-212 are intended to insure that a hernia "result[ed] from 'the accident for which compensation is claimed,' and not [from] a past condition [.]" *Capps v. Goodlark Med. Ctr., Inc.*, 804 S.W.2d 887, 889 (Tenn. 1991). Here, Ms. Jones testified the knot appeared on her abdomen on December 17, and the Court believes her. Further, she explained the knot was *above* her thirty-seven-year-old appendectomy scar. Merely because Dr. Jackson called the hernia "incisional" does not mean the hernia was preexisting; he too noted it was "superior to her old appendectomy scar." Thus, the Court finds Ms. Jones established the requirement that her hernia was not preexisting.

*Conclusion*

The Court holds the evidence shows Ms. Jones would likely prevail at a hearing on the merits in proving she suffered a compensable hernia. Accordingly, Dollar General "shall furnish [Ms. Jones] . . . such medical and surgical treatment . . . made reasonably necessary by [her] accident[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A) (2016). Namely, Dollar General shall provide a panel of surgeons to evaluate and treat Ms. Jones.

**IT IS, THEREFORE, ORDERED** as follows:

1. Dollar General shall provide a panel of surgeons under Tennessee Code Annotated section 50-6-204(a)(3) for evaluation and/or treatment, including surgery, of Ms. Jones' hernia injury of December 17, 2016. Ms. Jones or the providers shall provide their billing to Dollar General.

2. Dollar General shall pay Ms. Jones' bills for medical treatment in the following amounts:
   - Three Rivers Hospital-$40.41
   - Radiology Alliance-$22.06.

3. This matter is set for a Scheduling (Status) Hearing on **Thursday, October 26, 2017, at 10:30 a.m. Central time. You must call 731-422-5263 or toll-free 855-543-5038 to participate in the Hearing.**

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after

5

entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED this the 2nd day of August, 2017.**

**Allen Phillips, Judge**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Affidavit of Betsy Jones
2. First Report of Injury
3. Notice of Denial of Claim for Compensation
4. Medical Records of Waverly Family Medicine (Dr. Lawrence Jackson)
5. Collective Medical Bills

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Order Denying File Review Expedited Hearing

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 2nd day of August, 2017.

| Name | Via Email | Service Sent To: |
|---|---|---|
| Betsy A. Jones, Self-Represented Employee | X | Betsiboo2000@yahoo.com |
| Travis Ledgerwood, Esq., Attorney for Employer | X | tledgerwood@manierherod.com |

_Penny Shrum_

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**