**FILED**

**November 29, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 9:52 AM**



## TENNESSE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| Thomas Sustersic,<br>　　　　Employee,<br><br>v.<br><br>Lowe's Home Centers, Inc.,<br>　　　　Employer. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No.: 2015-01-0402<br><br>State File No.: 95737-2014<br><br>Judge Audrey A. Headrick |

## EXPEDITED HEARING ORDER

This matter came before the undersigned workers' compensation judge on November 8, 2017, on the Request for Expedited Hearing filed by Thomas Sustersic. The central legal issue is whether Mr. Sustersic is likely to establish at a hearing on the merits that he sustained an injury resulting in compensable hernias. For the reasons set forth below, the Court holds Mr. Sustersic is not entitled to the requested medical and temporary disability benefits at this time.

### History of Claim

Mr. Sustersic, a delivery driver/order picker at Lowe's Home Centers, Inc. (Lowe's), alleged he developed two ventral hernias on April 23, 2017, when he and a co-worker lifted a range up approximately four feet and slid it into a flatbed truck.[1] Mr. Sustersic stated his stomach felt "very uneasy" and "had been hurting all day" before moving the range. He also stated he developed pain and extreme discomfort after lifting the range and described the incident as "the straw that broke the camel's back." Mr. Sustersic went to the emergency room at Tennova the following night due to continued stomach pain and vomiting. An abdominal CT scan showed a bowel obstruction and a ventral abdominal wall hernia.

---

[1] Mr. Sustersic's job duties include moving heavy products and appliances with dollies. Melanie Roberson, service manager, testified that he initially requested a forklift to move the range. However, a forklift was not available.

1

The Tennova records reflected differing histories from Mr. Sustersic on April 24. In one history, Mr. Sustersic stated he had "a history of abdominal pain, he also has several episodes of nausea and vomiting, he also has some diarrhea, he also has some lightheadedness, this [sic] been going on since yesterday." Another history indicated Mr. Sustersic had "a history of abdominal pain for about 48 hours." The record stated he "spent the entire day yesterday having nausea and vomiting abdominal pain." The operative note stated that, upon arrival at the emergency room, Mr. Sustersic complained of abdominal pain "for the last 24 hours." The cardiologist consult noted: "[Mr. Sustersic] presented to the ER last night after having intractable nausea and vomiting x2 days. He reports that over the past week or so he has felt that his stomach was getting hard and whenever he would exert himself he would have stomach cramps." During cross-examination, Mr. Sustersic admitted he had stomach pain for a few days to a week before the April 23 incident.

Dr. Joshua Worthington performed Mr. Sustersic's surgery on April 24. He repaired two ventral hernias. After his surgery, Mr. Sustersic notified Lowe's about his injury. The initial hernia repair failed, and Dr. Worthington performed a second hernia repair, which was also unsuccessful. Dr. Worthington indicated he could do nothing else for Mr. Sustersic, so he referred him to Dr. Mancini, a hernia specialist, for a second opinion.

When addressing causation, Dr. Worthington stated a review of Tennova's records indicated that Mr. Sustersic did not provide a history of a work injury.[2] Further, Dr. Worthington felt that, "it is more likely than not that Mr. Sustersic's hernias existed prior to April 2017."

As to the apparent discrepancies in the Tennova records, Mr. Sustersic argued the cardiology consult asked different questions than the surgeon, resulting in different answers but no significant inconsistencies. Regarding the lack of any reference to a work-related injury in the Tennova records, Mr. Sustersic stated he was in terrible condition when he met with Dr. Worthington and had a tube in his nose. Further, Mr. Sustersic argued that he satisfied the statutory requirements of a compensable hernia and no evidence established he did anything else to cause the hernias.

Lowe's argued Mr. Sustersic's injury did not satisfy the statutory requirements of a compensable hernia in that the hernia statute requires a higher standard of definite proof. Lowe's stressed that the conflicting histories Mr. Sustersic gave at Tennova affect his credibility as to the date the hernia symptoms occurred. Similarly, Lowe's noted that

---

[2] Mr. Sustersic initially testified he could not recall if he mentioned to any of the medical providers that he lifted a range. He then recalled that he told Dr. Worthington, some nurses in the emergency room, and possibly the cardiologist consult that he worked at Lowe's pulling/lifting appliances.

Mr. Sustersic never mentioned a work-related incident to Dr. Worthington or any medical provider during any of his hospitalizations.

## Findings of Fact and Conclusions of Law

Mr. Sustersic must come forward with sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2017). Because he alleged a hernia injury, he must "definitely prove[] to the satisfaction of the court" that:

(1) There was an injury resulting in hernia or rupture;
(2) The hernia or rupture appeared suddenly;
(3) It was accompanied by pain;
(4) The hernia or rupture immediately followed the accident; and
(5) The hernia or rupture did not exist prior to the accident for which compensation is claimed.

Tenn. Code Ann. § 50-6-212(a). The reason for the strict requirements of section 50-6-212(a) is "to remove the issue [of what is a compensable hernia] as far as possible from the field of conjecture and speculation." *Matthews v. Hardaway Contracting Co.*, 163 S.W.2d 59, 60 (Tenn. 1942). Thus, an employee seeking benefits for a hernia must "bring [his] case within the provisions" of that section. *Id.* at 62. Guided by this authority, the Court will analyze the evidence in light of each of the statutory requirements.

As to the first criterion, an "injury resulting in hernia," Mr. Sustersic testified that he injured himself on April 23 when he loaded a range onto a flatbed truck with a co-worker. However, he stated his stomach felt "very uneasy" and "had been hurting all day" before the range incident. Mr. Sustersic described the range incident as "the straw that broke the camel's back," causing him extreme discomfort. That testimony supports the history he provided to the cardiology consult on April 24 when he reported, "that over the past week or so he has felt that his stomach was getting hard and whenever he would exert himself he would have stomach cramps." Mr. Sustersic also admitted during cross-examination that he experienced stomach pain for a few days to a week before April 23. Further, the medical records are silent regarding any work-related incident. Therefore, the Court finds Mr. Sustersic unlikely to prevail at a hearing on the merits regarding the injury requirement.

As for the second "sudden appearance" criterion, Mr. Sustersic's testimony and the medical records are unclear as to when he actually developed the ventral hernias. Dr. Worthington's opinion is that the hernias occurred sometime before April 2017. Therefore, the Court finds Mr. Sustersic did not satisfy the sudden-appearance requirement.

3

Concerning the third criterion, "accompanied by pain," Mr. Sustersic's testimony and the medical records reflect that he complained of stomach hardness and stomach cramping in the week leading up to April 23. Although the evidence does not indicate exactly when the ventral hernias developed, the Court finds that Mr. Sustersic's pain satisfies this requirement.

Turning now to the fourth criterion, "immediately following the accident," in *Etter v. Blue Diamond Coal Co.,* 215 S.W.2d 803, 806 (Tenn. 1948), the Supreme Court explained that the meaning of the word "immediately" depends upon the circumstances and events in connection with which the word is used. In this case, Dr. Worthington's opinion is that the hernias occurred before April 2017. The evidence does not indicate that an "accident" occurred on April 23. Therefore, the Court finds Mr. Sustersic did not satisfy the requirement that his ventral hernias immediately followed an accident.

As for the fifth and final criterion, that the "hernia was not pre-existing," Dr. Worthington's opinion is that, "it is more likely than not that Mr. Sustersic's hernias existed prior to April 2017." Thus, the Court finds Mr. Sustersic failed to establish the requirement that his ventral hernias were not preexisting.

In conclusion, the Court holds the evidence shows Mr. Sustersic is unlikely to prevail at a hearing on the merits in proving he suffered compensable ventral hernias.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Sustersic's requested relief is denied at this time.

2. This matter is set for a Status Hearing on Tuesday, January 30, 2018, at 2:00 p.m., Eastern Time. You must call 423-634-0164 or toll-free at 855-383-0001 to participate. Failure to call may result in a determination of the issues without your participation.

   **ENTERED this the 29th day of November, 2017.**

**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

4

## APPENDIX

Exhibits:

1. Affidavit of Thomas J. Sustersic
2. Medical records of Tennova Healthcare
3. Medical records of Joshua A. Worthington, M.D.
4. Affidavit of Dr. Worthington
5. First Report
6. Wage Statement

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Notice of Expedited Hearing
5. Expedited Trial Brief
6. Notice of Filing Supplemental Exhibits to Employer's Expedited Trial Brief
7. Employer's List of Witnesses

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this 29th day of November, 2017.

| Name | Certified Mail | Via Email | Email Address |
|---|---|---|---|
| **Matthew Coleman, Employee's Attorney** | | X | mcoleman@loganthompsonlaw.com <br> lhaywood@loganthompsonlaw.com |
| **Michael Newton, Employer's Attorney** | | X | mike.newton@leitnerfirm.com <br> carol.baker@leitnerfirm.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

6